Foster v. Wells.

## FOSTER .V. WELLS.

The *judgment of a court of competent jurisdiction* is conclusive and binding upon the parties as to all points directly involved and necessarily determined by it; and it matters not whether the tribunal rendering it be clothed with limited or general powers. (Note 20.)

It so that a judgment is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided.

In order that a judgment should be a bar to a second action, it must appear that the trial was on the merits, and that it did not go off on a technical defect. (Note 21.)

A non-suit is not a bar to another action; so also of a discontinuance.

A former recovery may be pleaded *in bar*, and oral testimony to explain the judgment and identify what was adjudicated will be received. (Note 22.)

The judgment of a justice of the peace should be produced whenever it is set up by way of defense.

Error from Walker. This suit originated before a justice of the peace. It appears from the transcript sent up with the original papers by the justice before whom it was tried to the District Court that the suit was brought for a debt due "on an acknowledged order under a justice's jurisdiction." The indorsement on the summons of the cause of action is in the following words, *i. e.:* "This action is brought by the plaintiff to recover of the defendant the "balance of an order for two months' work, amounting to seventeen dollars, "in favor of Harrison Wells." There was a plea of a former recovery, which was overruled, and the justice rendered his judgment as follows: "It is con-"sidered by the court that the plaintiff, Harrison Wells, recover judgment "against the defendant, Charles Foster, for sixteen dollars and sixty-nine "cents, the balance of the order acknowledged, which was not considered due "or proven to be due on the 2d day of September, 1848, and costs." The defendant appealed to the District Court; and in that court he pleaded a former recovery, and on the trial offered as a witness William Viser to aid in proving the former judgment. [102] The transcript of the proceedings and judgment offered by the defendant is substantially as follows, *i. e.:* "Harrison Wells *v.* "Charles Foster, citation issued 21st August; returnable first Saturday in "September, 1848; debt on order for two months' work and a blind bridle; "September 3, 1848, parties appeared, and after hearing the evidence, it is con-"sidered by the court that the plaintiff recover judgment for one week of the "work, $2.31, and for blind bridle, one dollar, and the costs; the balance of "the order the defendant denies being due, and not being proved by the plain-"tiff." Here follows the bill of *costs*; then "settled up in full December 2, "1848, money paid Hale, constable, by H. M. Crabb. (Signed) William Viser, "J. P." This evidence, as it appears by the bill of exceptions, was intended to show, with the aid of the justice in explaining it, that this judgment was for the same cause of action as the one then before the court, and thereby support the plea of a former recovery. It was objected to by the plaintiff's counsel and the objection sustained by the court; to which the defendant excepted. And it is now assigned for error that in rejecting the evidence offered the court erred.

*Wiley & Maxey,* for plaintiff in error. We are clearly of opinion that the evidence ought to have been admitted, and in support of our view of the law deem it only necessary to refer your honorable court to Cowen & Hill's Notes on Phillips on Evidence, 3 vol., part 2, pp. 838 to 848, where all the authorities, both English and American, are collated, and where it is expressly laid down that "the principle of admitting evidence *aliunde* to explain the record of a "former suit and identify the matter to which it relates would appear to be "indispensable to the efficient administration of justice." Esteeming the point to be *res judicata*, in this country at least, we respectfully submit it to the court for decision without further comment.

*Yoakum,* for defendant in error.

I. The District Court was right in ruling out the justice's docket—

### Foster v. Wells.

1. Because, to sustain the plea of former recovery, the whole of the record should be offered in evidence. In this case the justice's docket only was produced.

2. Because the first judgment shows that there was a balance of work behind. Foster admitted this by denying that it was due at the first trial.

3. The suit was for the value of the work. It appears that the work was to have been performed at two different times, two payments. A party contracting a debt to be paid in two installments may sue upon each installment as soon as it becomes due. (Cook v. Whorwood, 2 Saund. R., 337; Tucker v. Randall, 2 Mass. R., 283; Cooley v. Rose, 3 Mass. R., 221; 1 Chitty Plead., 93.)

II. The District Court was right in not admitting oral proof in regard to the record. The record must prove itself. (Jacob L. Dict., RECORD.) True, the modern practice, as in the authorities quoted, is admitted. But the record must require explanation before the court will admit it. If part of the record is kept back, the court will not hear a witness as to the contents of that part not produced. What is shown by the justice's docket is clear enough. Evidence will not be heard to contradict it. The record shows clearly two causes of action.

LIPSCOMB, J. We will first proceed to discuss the effect of a judgment on the parties to it, in relation to the subject-matter adjudicated and embraced in the judgment; and the following quotation, from high authority, is believed to be very appropriate on this subject:

"With respect to judgments, properly so called—*i. e.*, those solemn decisions of courts of justice, made in the exercise of their rightful jurisdiction, after giving the parties an opportunity to be heard, and upon due deliberation—the law, proceeding upon the maxim that *interest Reipublicæ ut sit finis litium*, will regard them as conclusive upon all points directly involved in them and necessarily determined. And whether [104] the tribunals rendering them are clothed with limited or general powers, whether they are courts of record or otherwise, makes no sort of difference. So long as they act within the sphere which has been assigned, their adjudications are binding upon the parties in all future controversies relating to the same matter." (Cowen & Hill's Notes on Phil. Ev., v. 3, p. 825.)

Again, if the demand upon which the plaintiff prosecutes has been litigated in a suit previously between the same parties, it is a bar to a second action. (Cist v. Zeigler, 16 S. & R. R., 282.) The general proposition that the judgment or decree of a court possessing competent jurisdiction shall be final as to the matter determined cannot be controverted. "The principle, however, extends further; it is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." (1 Johns. Cas., 436; 1 Blackf. R., 360.) But it is only where the trial was on the merits, where all the matters between the parties were or could have been adjudicated, that the judgment is a bar to another action. So if the party has misconceived his action and taken a nonsuit. Where the defendant in a *scire facias* pleaded *nul tiel record*, and prevailed because the *scire facias* recited a judgment against James A. Green, and the judgment was against James Green, it was held that this constituted no bar to another or second *scire facias*. (Benton v. Duffy, Cam. & Nor., 98.) Same principle in Commonwealth v. Mortimer. (2 Virg. Cas., 325.) It must appear that the trial was on the merits; for if the cause went off on a technical defect, it would virtually negative the averment that the cause of action was the same. (Judge Story, in Hayes v. Blake, 1 Mas. C. C. R., 515, 519.) So if the cause went off because the debt was not due. (Estell v. Taul, 2 Yerg. R., 467, 470.) So a discontinuance of a former suit is no bar to a second suit. (Hull v. Blake, 13 Mass. R., 153, 155.)

There has been a great deal of discussion and some conflict [105] of decision

as to the plea of a former recovery, whether it should be in bar or by estoppel. Where it was a judgment of a court of record that was set up, many respectable authorities can be found deciding that it should be by estoppel; and it seems, then, as a consequence, that the record should speak for itself, and parol testimony be inadmissible. But the current of authorities at this day is in favor of receiving the defense in bar, and allowing oral testimony to explain the judgment and identify what was adjudicated. Where the judgment was not in a court of record, there never was any controversy that it must be offered in bar, and oral evidence to explain the judgment was received.

It is believed not to be necessary to discuss the question whether a judgment must be in writing to allow it to be offered in bar to another action; because, whether we are to consider a Justice's Court a court of record or not, they are required to enter their judgments in the proceedings of the case; and consequently they are better evidence, when produced and proved, than mere oral evidence of what was embraced in such judgment. And therefore there can be no doubt that the judgment ought to be produced whenever the defense of a former adjudication is set up, either of an acquittal or conviction.

We will proceed to examine how far oral testimony has been received to explain the judgment. It is laid down by Cowen & Hill, in the Notes on Phil. Ev., (3 vol., 838.) "that whenever a question is made respecting the "identity of matters litigated in the first suit, parol evidence is admissible to "show what transpired on the former trial and to explain the judgment;" and they rest the principle on the authority of the following cases: Parker v. Thompson, 3 Pick. R., 429; Cist v. Zeigler, 16 S. & R., 282, 285; Stephens v. Payne, 2 Root R., 83; Wood v. Jackson, 8 Wend. R., 9; and 4 Cow. R., 559; 3 Id., 120. We will refer to but one authority more to show that parol evidence can be received, and that is the case of Estell v. Taul, cited above in the discussion of another [106] question. The action was assumpsit for use and occupation, and a count for breach of promise, in not leaving the premises in tenantable repair; non-assumpsit pleaded. On the trial, Taul produced in evidence a warrant and judgment in his favor. And it was proved by the justice that his judgment was given for the defendant on the ground that, in his opinion, the debt was not due when the warrant was sued out, and that it was for the same cause of action as to the rent. Judge Peck, after discussing the general proposition of the conclusive character of a judgment between the same parties, proceeds: "The courts have been long sensible of the difficulties "which might arise from the loose manner of preparing and keeping justices' "records and a concurrent jurisdiction in the County Courts with the justice "as to like matters. If we say that it must appear from the record that the "same point was in issue, or otherwise the record be rejected, most justices' "judgments, being latent as to the matter in issue, could not be received in "evidence. The consequence would be that persons suing before justices of "the peace, in cases where the County Court jurisdiction was concurrent, could "try an experiment before the justice, and, failing there, commence a new suit "in the County Court. To prevent such an evil we are compelled to consider "the pleadings before the justice as done ore tenus. It lets in proof, as in "the case before us, of what was the matter before the justice. The jury of "course then will receive it with the other proof and give it due weight, not "disregarding the other testimony."

"Judge Catron: Parol evidence is admissible to show the fact or issue tried "and determined by the justice. It is even so where the pleadings are in "writing, but the judgment general and uncertain. (1 Stark. Ev., 202, sec. "65.) It must be so of necessity when the defense is not on paper."

The reasoning of the two judges in that case does not seem to address itself very forcibly to us in the case under consideration. Our justices of the peace often keep their proceedings very loosely, and they are not expected to be well acquainted [107] with law, and may often use words, in entering up their judgments, in a different sense from their technical import. In the case under consideration it is exceedingly difficult to determine from the language em-

Foster v. Wells.

ployed in the judgment whether the judgment was based on a defect of proof of the indebtedness beyond the amount for which the judgment was rendered, or on proof that the balance was not due when process issued. The term "due" is used, and that is not at all inconsistent with the fact that the balance afterwards sued for was a debt, but not due at the time. It is altogether uncertain, and could be explained by no one so well as the justice himself. The application of the principles discussed and the authorities referred to, when applied to the case before us, would seem to have authorized the court below to have received the testimony offered and rejected. It does not appear very clearly whether the objection was confined to the oral testimony offered or to the paper judgment; but it is very clear, from the bill of exceptions, that it was either to the oral testimony or to the paper evidence of the judgment not having been pleaded as an estoppel. In either case it would seem the judge was wrong. It is true that we cannot find any case exactly in point where a part sued for had been recovered and a balance rejected because it was not due, although an existing debt. And the fact that the suit in each case seems to be founded on the same acknowledged order, referred to and described as an entire thing, would seem to create the presumption that the amount of indebtness would not be divisible, but all be due at the same time. Yet it would require no reasonable indulgence to the imagination to suppose that in truth, though an entire indebtedness, it might not in fact be all due at the same time. The acknowledgment might have been to perform service for two months. This may have been an entire thing; but the defendant may have proved a modification, fixing on the time when such work was to be performed. Or it may have been an acknowledgment of an aggregate amount of indebtedness for two months' labor performed, but to be paid by different [108] installments. In such a case the right of action would accrue when the first was due. Suppose, in the case of Estell v. Taul, that Estell had proved that a part of the rent was due when he sued: could it have been contended that he was not entitled to judgment for that part without it constituting a bar to another suit for the balance? Suppose that in suing for a debt due by installments, in the District Court, the plaintiff should set out by mistake the whole debt and pray judgment. When it appeared that a part of those installments were not due, all that he would have to do would be to discontinue as to the installments not due and take judgment for what was due at the commencement of the suit. Is a party to be placed in a worse condition because that in the court where he sues the pleading is *ore tenus?* I think not. We must suppose that there was a discontinuance orally, if it was the fact that a part of the debt was not due at the time.

The language of the judgment creates a very decided presumption that the debt was not all due at the commencement of the suit, and throws the onus of proof on the defendant; and it is competent for him to show the fact that in truth the acknowledged order was a debt indivisible and due at the same time, and that the plaintiff had only failed from want of being fortified with the testimony. And if so, he could not be sued a second time; for the law wills that *nemo debet bis vexari pro eadem causa.* For the reasons assigned, we believe the evidence offered was admissible, and for its rejection there is error in the judgment, for which it must be reversed and the cause remanded.

Judgment reversed.

Note 20.—Weathered v. Mays, *post.* 387; Lynch v. Baxter, *post*, 431; Neill v. Tarin, 9 T., 256; Grassmeyer v. Beeson, 18 T., 753; Mills v. Alexander, 21 T., 154; Bowers v. Chancy, 21 T., 363; Thouvenin v. Rodrigues, 24 T., 468; Webb v. Mallard, 27 T., 80; Moke v. Brackett, 28 T., 443; Giddings v. Steele, 28 T., 732.) A judgment obtained by fraud cannot be enforced. (Drinkard v. Ingram, 21 T., 650.)
Note 21.—Graves v. White, 13 T., 123; Hassell v. Nutt, 14 T., 260.
Note 22.—Bailey v. Knight, 8 T., 58.