JOEL B. CRAIN AND OTHERS V. JAMES H. GRIFFIS.

It has been the constant practice under the Statute, (Hart. Dig. Art. 678,) to render judgment by default, where there has been a written waiver of process or acceptance of service, by the defendant, without other proof of its genuineness, than its having been filed among the papers of the suit.

Where the name of the defendant, stated in the petition, was Sampson Christie, and the name of the citation was *Sampson*, and the Sheriff returned the citation served on the defendant Sampson Christie, and there was judgment by default, the Court said it was not like the case of Burleson v. Henderson, (4 Tex. R. 49,) and held that the defect was not fatal on error, although it might have required amendment, if the objection had been made in the Court below.

Error from Rusk.  Action by the defendant in error against the plaintiffs in error, on promissory notes.  The petition gave the names of the defendants, as Joel B. Crain, George H. Ramey and Sampson Christie.  There was a waiver of process, and acceptance of service "of the within petition," copied as usual, in the transcript after the names of the attorneys signed to the petition, and before the endorsement of the filing of the petition by the Clerk, signed J. B. Crain and G. H. Ramey. There was a citation which commanded the Sheriff "to sum-

" mons Joel B. Crain, George H. Ramey and *Sampson* to be
" and appear," &c., " to answer the complaint of," &c., " where-
" in the said James H. Griffis is plaintiff, and the said Joel B.
" Crain, George H. Ramey and *Sampson* are defendants," &c.
Returned " executed by delivering to the defendant Sampson
" Christie, a copy of the within writ and a copy of the petition,
" Nov. 11th, 1854." Judgment by default against all the de-
fendants.

*F. W. Bowden,* for plaintiffs in error. I. It appears that
two of the defendants in the Court below acknowledged ser-
vice of the petition, as appears by a writing to that effect on
the same, and after the names of the attorney for petitioner ;
that the petition is marked filed by the Clerk, but the supposed
acknowledgment of service is not attested by him or any one
else, nor does the same appear to have been filed as a record
in the cause with the Clerk, from any endorsement to that ef-
fect by him ; and judgment by default was rendered without
any proof of the genuineness of the said supposed acknowledg-
ment of service.

I have not been able to find a single case where a judgment
by default has been sustained, without proof that the acknowl-
edgment of service was genuine ; and the authorities are both
numerous and respectable, that such proof is absolutely indis-
pensable. (4 Port. 120 ; 7 Id. 171 ; 9 Id. 425 ; 3 Ala. R.
276 ; 4 Litt. 269 ; 1 Monroe, 22 ; 3 Monroe, 8 ; 4 J. J. Mar-
shall, 241 ; 3 Pike, 261.)

The Statute providing that a party may acknowledge service
(Hart. Dig. Art. 678) is but in accordance with the Common
Law, and the authorities above cited are entirely applicable
under our Statute, unless the proviso embraced in it has made
a change in the law. It is as follows : " Provided, that such
" waiver or acceptance shall be made in writing, signed by
" such party, his agent or attorney, and filed among the papers
" of the suit, as a record." This proviso certainly does not in-

vest the supposed acceptance with any new dignity; does not make it, like the return of a Sheriff, import verity without proof; but it merely provides new safeguards against imposition. The acceptance must not only be made, but it must be in writing, "and filed among the papers of the suit, as a record."

It does not appear that the acceptance was proved to be genuine; nor has the Clerk marked it as filed. It does not appear, nor can it be inferred from the record, that the attention of the Clerk was called to it at all, nor that he even knew it was written on the petition. The idea that he did know it, is excluded by his endorsement on the petition, that it (the petition) was filed, saying nothing as to the acceptance, &c.

If this judgment be held good, it opens the door to the most stupendous frauds which villainy could suggest, unless it be supposed that in all cases where judgments by default are asked for, the Court—to the delay of the general business—inspects the papers as a lawyer for the defendant, and suggests his defences. Such, it is known, is not the practice, nor would it be politic to cast upon the Court a task so onerous and so liable to lead to unpleasant consequences. It seems to me it would be much better to adhere to the rule, that a party seeking a judgment should show affirmatively that the defendant has knowledge of the proceeding, and is properly before the Court. In all cases where the acceptance is genuine, the proof can be easily made and entered of record; but if a heavy judgment is rendered against a man of limited means, who has had no knowledge of the proceedings, he is irretrievably ruined, unless he can disprove the supposed waiver; and even then he is put to the trouble and expense of giving bond and encountering a protracted litigation, where the inducement to perjury would be great and the result doubtful. If he should not be able to give bond and supersede the execution, his only means might be swept away before he could have an opportunity to expose the conspiracy menacing his ruin.

The reported decisions of this Court have as yet given no

interpretation to the Statute, as to the acceptance of service; and I submit, with great deference, whether it would not be the better course to give it a construction, which will accomplish the objects intended by it, and yet not open the door to fraud and villainy.

The Court should presume nothing in relation to a party's being cited; even actual notice of the suit will not do, unless given in the way prescribed by law. (Raguet v. Nixon, Dallam, 386; McMicken v. Smith, 5 Mart. N. S. R. 594.)

II. Where the service of the citation appears from the record to be defective, or defective process has been served, the defendant may appear and make the objection in *limine*; or, if he fail to appear in the Court below, he may take advantage of the defect on writ of error. (Burleson v. Henderson, 4 Tex. R. 49; Frosh v. Schlumpf, 2 Tex. R. 422.)

The Statute requires expressly "that all process shall state "the name of the parties to the suit, the time and place of hold-"ing the Court; shall be dated, and signed by the Clerk, with "the seal of the Court affixed," &c. (Hart. Dig. Art. 675.)

If either of these requisites be wanting in the citation, though all may appear in the petition, the omission is fatal, (even on writ of error,) as has been heretofore decided and reiterated by this Court; and the decision but follows the Statute above referred to. (4 Tex. R. 52, 53; Id. 309.)

Now, in the writ, the name of "Sampson Christie" does not appear, but "Sampson" is summoned to answer. "Sampson" does not mean "Sampson Christie" any more than "Christie Sampson," unless you look to the petition to cure the defect, which, in 4 Tex. R. 52, 53, it is expressly decided the Statute forbids.

III. A reversal as to one defendant, where the judgment is entire, operates a reversal as to all. (4 Tex. R. 53, 60.)

*S. P. Hollingsworth*, for defendant in error. The Statute expressly authorizes the defendant to acknowledge service in the manner in which it was done by Crain and Ramey in this case.

The copy of petition served upon Christie, contained the full name, and he cannot say that he did not have notice of the pendency of the suit. The petition notified him of that fact, and the omission of a part of his name in the citation was a mere clerical error, which will not invalidate the judgment.

WHEELER, J. It has been the constant practice under the Statute, (Hart. Dig. Art. 678,) to render judgment by default, where there has been a written waiver of process and accept-ance of service, by the defendant, without other proof of its genuineness, than its having been filed among the papers of the suit; and judgments so rendered have been constantly affirmed by this Court, without other proof of such filing than is afford-ed by the record in this case. The question of the sufficiency of such service, and the regularity of judgments appearing to have been so rendered, has long been considered as settled in the practice of the Court. The objection now urged to the sufficiency of the service, was early considered; but as the question was never argued by counsel, no written Opinion was delivered. And we deem it unnecessary now, to enter upon a vindication of the correctness of the practice. We think it warranted by the law, and if it be even doubtful whether it is founded in a proper construction of the Statute, upon such a question, we should hesitate to disturb a practice so long pur-sued and acquiesced in. We think the danger of abuse, sug-gested, is rather imaginary than real; and that to adopt the practice contended for, would be to interpose unnecessary ob-stacles, in the way of getting judgment against defendants who have no defence; and who refuse to appear and answer, in the hope of finding some flaw in the proceedings, by which to re-verse the judgment on error, and thus delay the plaintiff in the recovery of his just demands.

The remaining objection to the judgment, we do not think well taken. The present is unlike the case of Burleson v. Hen-derson, (4 Tex. R. 49.) There the names of two of the defend-ants were omitted in the writ, which did not describe truly the

names of the parties to the suit. Here, there is the omission merely of the surname of one of the defendants, whose name is given in full in the petition, and who was duly served with a copy of the petition and writ. If considered as a variance between the petition and writ, by the practice in Common Law Courts, it was matter of abatement or special demurrer; (1 Chit. Pl. 450, 451, and notes, 11 Am. from 6 London ed.;) if a misnomer, it must have been pleaded in abatement; in either case, it was the proper subject of amendment. (Cartwright v. Chabert, 4 Tex. R. 261.) The objection does not go to the validity of the process, as in the cases cited by counsel; and consequently, it must have been taken by plea or exception, and cannot be assigned as error. To reverse judgments, on error, for defects of this character, because the defendant has failed to appear, when if he had appeared and taken the objection, the defect might have been immediately cured by amendment, would be to give a defendant a legal advantage for his refusal to appear, which he could not have obtained if he had appeared and taken the exception at the proper time. Such a practice would justly subject this Court to the imputation of being technical beyond what is written in the books containing the Common Law practice; or rather, of reversing judgments on error, upon grounds of objection which are not entertained in other appellate Courts; and which ought not to be entertained on principle. If the objection goes to the validity of the process, aud it is void, the defendant is not required to obey it; hut if it is merely defective, but not void, it brings the defendant into Court; and if then he does not take his exception at the proper time, he cannot afterwards be heard to urge it, either in the District Court or on error in this Court. The process in this case was merely defective, but not void; and the objection not having been taken at the proper time, it cannot avail the defendant on error. The judgment is affirmed.

Judgment affirmed.