DAVID WALLACE AND ANOTHER v. WILKINS HUNT, ADM'R.

The petition alleged that "for value received," defendants "jointly and seve-"rally promised to pay, twelve months after the 5th day of February, 1856, "to your petitioner, or his order, said sum of $184 50, with interest after "date, at the rate of ten per cent. per annum," to which there was a general demurrer: *Held*, that the note was properly set out.

In an action upon a promissory note, and to foreclose a mortgage to secure its payment, a general allegation in the petition, that the defendant " executed "and delivered to your petitioner a mortgage, of even date with said note, on " a certain tract of land," describing the land: *Held*, to be good, upon general demurrer.

In an action on a note given by D. W. and H. W., and to foreclose a mortgage by D. W. to secure its payment, the allegation in the petition was " that said "—— W." executed said mortgage; the omission of the christian name of W. should have been taken advantage of by special exception, rather than by an exception to the evidence, when the mortgage was offered.

ERROR from Lavaca. Tried below before the Hon. Fielding Jones.

Suit by the defendant in error against the plaintiffs in error, David and Henly Wallace. The plaintiff in the court below alleged, in his petition, that the defendants were "justly "indebted to him, in the sum of $184 50, with interest thereon "from the 5th day of February, 1856, at the rate of ten per "cent. per annum; in this, that the said David and Henly Wal- "lace, for value received, jointly and severally promised to pay, "twelve months after the 5th day of February, 1856, to your "petitioner, or his order, said sum of $184 50, with interest "after date, at the rate of ten per cent," &c. "Petitioner fur- "ther said, that to secure the payment of such sum of money "the said —— Wallace executed and delivered to your peti- "tioner a mortgage, bearing even date with said note aforesaid, "on a certain tract of land," describing the land, &c.

The defendants answered, by general demurrer and general denial. A jury was waived, and the cause submitted to the court, who overruled the demurrer, and gave judgment for the plaintiff, for the amount claimed. On the trial, the plaintiff offered in evidence a mortgage executed by David Wallace, but in all other respects as described in the petition, to the reading of which defendants objected; and their objection being over-ruled by the court, they took their bill of exceptions.

*R. M. Tevis,* for plaintiffs in error. The demurrer to the petition should have been sustained, the allegations being too general and indefinite.

1st. As to the promise to pay, and the execution of the mort-gage sought to be foreclosed, in not alleging whether the con-tract was in writing, and if in writing, that the note was executed and delivered by the defendants to the plaintiff, and in not alleging by whom the mortgage was made. (Catlin v. Glover, 4 Tex. Rep. 151.)

There being no allegation in the petition, that the promise to pay was in writing, the presumption would be, that it was a

promise by parol. (Williams v. Randon, 10 Tex. Rep. 74.) And the mortgage should not have been read in evidence, because there was no sufficient description of it in the petition, nor any allegation as to the party by whom it was executed, and therefore no ground laid for its introduction. Where there is no allegation under which proof can be legally introduced, the court will exclude it, although it is not objected to. (Paul v. Perez, 7 Tex. Rep. 338; Dennison v. League, 16 Id. 399; and Catlin v. Glover, before cited.)

2d. Because there being no allegation that the promise to pay was in writing, and the presumption being that it was a promise by parol, and the mortgage reciting that it was made to secure the payment of a promissory note, in writing, of even date with the instrument, there was a variance between the mortgage declared on and the one offered in evidence. The *allegata* and *probata* must invariably agree. (McKinney v. Bradbury, Dallam, 441; Dean v. Border, 15 Tex. Rep. 298, and authorities above cited.) And further, by reference to the note offered in evidence, the mortgage does not appear to have been signed by either of the parties who signed the note; and the mortgage not being attached to or made part of the petition, and there being no allegation as to who executed it, the defendants were precluded from pleading *non est factum* to it.

*A. H. Phillips*, for defendant in error. The demurrer was general, and the petition showed a good cause of action. The former was therefore rightly overruled. (Warner v. Bailey, 7 Tex. Rep. 517; Prewitt v. Farris, 5 Id. 370.) The omission of the christian name of the mortgagor, was not urged in the court below, as the basis of an objection. Hence the court will not hear it here. (Hubert v. Bartlett, 9 Tex. Rep. 97.)

ROBERTS, J. The note is properly set out, and the mortgage is described generally, without its tenor being given, except that the field notes of the land are set out. The exception

being general, does not reach the defect. (Warner v. Bailey, 7 Tex. Rep. 517.)

The omission, in the petition, of the christian name of the Wallace who executed the mortgage, should have been taken advantage of by special exception, pointing out that defect, rather than by an exception to the evidence when the mortgage was offered. There is no statement of facts, and therefore it is not in condition to be revised on its merits.

Judgment affirmed.