### F. M. GRAVES V. DRANE, JOHNSON & DRANE.

(Case No. 2106.)

1. CITATION—REQUISITES—PRACTICE.—A citation gave the name of the partnership but not the names of its members. Defendant was not a resident of the county where suit was brought, and a copy of the petition, containing both the partnership and individual names of plaintiffs, was served upon defendant along with the citation. *Held*, the citation was sufficient.

2 SAME—RETURN.—The exact language of Art. 1220, Revised Statutes, need not be used by an officer in making his return. (Clark *v.* Wilcox, 31 Tex., 328.) See opinion for a sufficient return.

3. JUDGMENT BY DEFAULT—ALLEGATIONS OF PETITION—PRACTICE.—A petition subject to special exception, but good on general demurrer, will sustain a judgment by default. (Bledsoe *v.* Willis, 22 Tex., 650, approved, and other authorities compared.)

ERROR from Navarro. Tried below before the Hon. L. D. Bradley. The opinion states the facts.

*Simkins & Neblett*, for plaintiff in error.

No briefs on file for defendants in error.

GAINES, ASSOCIATE JUSTICE.—A judgment by default was rendered against the defendant in the court below. He brings his cause to this court by a writ of error, and, by his assignments of error, complains that the citation, the sheriff's return thereon, and the petition are each insufficient to authorize the judgment as rendered. The point made upon the citation, is that the writ commands the officer to summon the defendant to answer the petition of "Drane, Johnson & Drane," and does not give the full names of the partners composing

the firm.    The petition contains both the partnership and individual names of the plaintiffs; and the suit having been brought in Navarro county, and the writ directed to Hamilton county, where defendant resided, a copy of the petition accompanied the citation and was served upon the defendant.    A similar citation, issued upon a like petition, was held good under the act of 1846 ; Dikes v. Monroe, 15 Tex., 236; Andrews v. Ennis, 16 Tex., 46; and we can see no reason for adopting a different rule under the Revised Statutes.

If the suit had been brought in the county of defendant's residence, and the writ had issued without such copy, giving only the partnership name of the plaintiffs, a different question would have been presented to us; but this question we are not, at this time, called on to decide.    We think the citation clearly sufficient.

The sheriff's return on the citation shows that it was served ''the 22d day of September, A. D. 1885, by delivering to F. M. Graves, the within named defendant, in person, a true copy of this writ, together with a certified copy of plaintiffs' original petition.''

Counsel cite Revised Statutes, Art. 1220, which provides that the officer shall deliver to the defendant in person, (where the citation is served out of the county in which the suit is pending), ''a certified copy of the petition accompanying the citation.''    We think the return shows clearly that the officer has done precisely what this article of the statute requires.    The citation itself shows that a certified copy of plaintiff's petition accompanies it, and none other could legally accompany it.    Hence, a certified copy of plaintiff's original petition in this case, must be the copy which accompanied the writ, whether expressly stated or not.    The very language of the statute need not be used.    Clark v. Wilcox, 31 Tex., 328–9.    This assignment is not well taken.

But it is also claimed that the allegations of the petition are not sufficient to sustain a judgment by default.    The averment is, ''that heretofore, to wit : on or about August 22d, 1884, said defendant made, executed and delivered to your petitioners his certain promissory note for the sum of $993.30, payable at express office at Hico, Texas, with exchange on New York, and ten per cent. from date, and providing that if not paid at maturity, then to become payable at Drane & Johnson's office, at Corsicana, Texas, with charges for collection.    That said note was, by its terms, due and payable, grace excluded, on or before January 1st, 1885.''

Then follows the allegation that the note was not paid, etc.    The allegations seem to be quite like those in the case of Bledsoe v. Wills, 22 Tex., 650, which the court there characterized as a ''loose general

conversational description," and deprecates as bad pleading. They say in that case: "The promise to pay, which is the gist of the action, is not alleged otherwise than it is inferentially involved in the allegation that defendant 'executed a note;'" and they intimate that the note should have been set out *in haec verba*, or according to its tenor. But they held the petition good on general demurrer. There was in that case a mortgage, as in the case before us, and the allegation in the petitions in both seem substantially the same. See also Wallace *v.* Hunt, 22 Tex., 647.

The petition before us contains the allegation of the execution and delivery to petitioners of the note and mortgage, and in this respect differs from the petitions in Jennings *v* Moss, 4 Tex., 451; Frazier *v.* Todd, *Id.*, 461, and the long line of subsequent cases affirming the doctrine that the absence of such an allegation is fatal to the pleading.

The petition complained of, though subject to special exception, is good on general demurrer, and will, therefore, sustain a judgment by default.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered November 9, 1886.]