**MORAN OIL & GAS CO. et al. v. ANDERSON et al. (No. 9349.)**

(Court of Civil Appeals of Texas. Ft. Worth. May 22, 1920.)

1. Process ⬤— "Citation" is of official character.

The citation is the act of the court through its proper officer commanding the appearance of defendant at the time and place named to answer to plaintiff's petition, having the dignity of official character and weight of superior authority, while the petition alone bears neither verity nor authority.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citation.]

2. Judgment ⬤—17(9) — Citations naming plaintiffs only as "et al." insufficient to support default.

Under Rev. St. arts. 1850–1853, citations to defendants, mentioning plaintiffs only as "E. J. Anderson et al.," not naming all of them, *held* insufficient to support default judgment against defendants, though served with copies of plaintiffs' petition.

Error from District Court, Scurry County; W. W. Beall, Judge.

Suit by E. J. Anderson and others against the Moran Oil & Gas Company and others. To review judgment for plaintiffs by default, defendants bring error. Reversed, and cause remanded.

A. H. Kirby, of Abilene, for plaintiffs in error.

Robt. L. Johnson, of Snyder, and James Spiller, of Sweetwater, for defendants in error.

CONNER, C. J. This is an appeal from a judgment by default in favor of appellees for $30,000 in a suit instituted in a district court of Scurry county by appellee E. J. Anderson and thirty-one others. It was alleged that these plaintiffs were stockholders in the Moran Oil & Gas Company, incorporated under the laws of this state, with a total capitalization of $65,000, of which the plaintiffs owned in the aggregate $9,000. It was further alleged that F. L. Driskill and seven other defendants named had promoted, incorporated, and organized the Moran Oil & Gas Company, and that they were the directors and acting officers of the company; that the defendants had sold to various subscribers, including the plaintiffs, $30,000 or more of the stock in the oil company, with the express understanding and agreement that the money so paid should be used in the development of a specified tract of land by drilling it for oil and gas. It was further alleged that the defendant, directors and officers named, had violated such agreement, and had appropriated the funds so received for stock to their own use and benefit, and the prayer was for the appointment of a receiver and a recovery of the money so paid for the use and benefit of the Moran Oil & Gas Company and such other subscribers of stock as had not been made parties to the suit. Several other persons were named as defendants; but, inasmuch as they were eliminated by the judgment, they will not be hereinafter referred to.

Upon the filing of the petition, citations were severally issued to the several defendants, all of whom were alleged to reside in Callahan county, with a duly certified copy of the petition accompanying each citation. As appears from the sheriff's returns, the several citations were duly served, together with its accompanying certified copy of the petition. In so far as it is necessary to quote, the citation reads as follows:

"You are hereby commanded to summon C. B. Snyder to be and appear before the honorable district court of Scurry county, Tex., at the next regular term thereof to be holden at the courthouse in Snyder on the fourth Monday in December, 1918, same being the 23d day of December, 1918, then and there to answer the plaintiffs' petition filed in a suit in said court on the 9th day of December, 1918, wherein E. J. Anderson et al. are plaintiffs and Moran Oil & Gas Company et al. are defendants."

The names of the several defendants are later given in the citation, but the names of the plaintiffs are not otherwise stated than as in the quotation above set forth.

At the return term of court, the defendants failed to answer, and the court, having heard the evidence as the judgment recites, entered up a judgment by default in favor of the plaintiffs and against the defendants for the sum of $30,000, as hereinbefore stated. From this judgment, the defendants only have prosecuted the writ of error now before us.

Plaintiffs in error present as their first and principal assignment the following:

"The court erred in rendering judgment in this cause against these defendants, and each of them, for the reason that the citations which were served on each of the defendants, Moran Oil & Gas Company, F. L. Driskill, C. B. Snyder, Ben Seigal, T. E. Powell, and A. R. Day, are defective, in that none of the said citations contain the names of all the parties to the suit, as required by the statutes of the State of Texas."

Article 1850 of our Revised Statutes reads as follows:

"When a petition shall be filed with the clerk, and the other regulations hereinafter prescribed shall be complied with, it shall be his duty to issue forthwith a writ of citation for the defendant."

Article 1851 reads:

"If there be several defendants, residing in different counties, one citation shall issue to each of such counties."

Article 1852 reads:

"Such citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and shall command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court stating the time and place of holding the same. It shall state the date of the filing of the plaintiff's petition, the file number of the suit, the names of all the parties and the nature of the plaintiff's demand, and shall contain the requisites prescribed in article 2180."

Article 1853 reads:

"Where the defendant is to be served without the county in which the suit is pending, a certified copy of the plaintiff's petition shall accompany the citation; and, should there be more than one defendant to be served without the county, a certified copy of the petition shall be made out for each of them."

In treating of the necessity and purpose of a citation in general, the author of Ruling Case Law, vol. 21, p. 1262, § 3, says:

"It is a principle that lies at the foundation of all jurisprudence in civilized countries that a person must have an opportunity of being heard before a court can deprive him of his rights. Any other doctrine would be antagonistic to our form of government, and to the provisions of our Constitution. No court, in the ordinary administration of justice, in common-law proceedings, can exercise jurisdiction over a person unless he shall voluntarily appear, or is found within the jurisdiction of the court, so as to be served with process. Therefore, in order to authorize a court to determine the adverse claims of parties touching their rights in things, judicial process is indispensable. Until notice is given, the court has no jurisdiction in any case to proceed to judgment whatever its authority may be, by the law of its organization, over the subject-matter. Judgment without notice wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is justly administered. The mere fact that a defendant has knowledge of a suit pending against him is not sufficient to give the court jurisdiction."

While the author in the quotation presents the uniform view of the courts as expressed in the decisions, of the nature and importance of a citation, he has not given its necessary contents, but by reference to article 1852, above quoted, it will be seen that our Legislature has. And, as expressed in 32 Cyc. p. 428, par. D, "the requisites of process are largely matters of statutory regulation." The author adds:

"It is necessary that the writ contain whatever the statute prescribes, whether deemed important or not."

Appellees urge, however, that—

"Where citation is served on a nonresident, and the citation, which refers to a certified copy of the petition which accompanies citation, and in the certified copy of the petition the names of all the parties are fully set out, objection to the citation that it is fatally defective for failure to contain the names of all the parties, and hence insufficient to support a judgment by default, cannot be raised for the first time on appeal"

—and cite the following cases in support of the contention so made: Dukes v. Monroe, 15 Tex. 236; Crain v. Griffis, 14 Tex. 358; Guimond v. Nast, 44 Tex. 114; Graves v. Drane et al., 66 Tex. 658; 1 S. W. 905; Marshall v. Marshall, 30 S. W. 578; Lash v. Bank, 54 S. W. 806; National Society v. Tennison, 174 S. W. 978; O'Donnell v. Chambers, 163 S. W. 138; Andrews v. Ennis, 16 Tex. 46.

The cases of Guimond v. Nast and Crain v. Griffis, supra, will perhaps best illustrate the general purport of the cases cited in behalf of appellees. In the case of Guimond v. Nast, the petition of Nast and Greenzweig declared on a note executed by Guimond and Powers, "Defendants being partners in trade under the firm name and style of S. W. Guimond & Co.," the citation issued and served on Guimond called upon him to answer a petition "wherein Nast & Greenzweig are plaintiffs and J. W. Guimond & Co. are defendants, as per copy of said petition will more fully appear." It was held that the citation sufficiently described the names of the parties to support the judgment by default, because (as stated by the court):

"We must presume that the accompanying copy of the petition corresponds with the petition on file, which did state more fully the names of the parties, by which the defendant served was fully informed on that subject. If the copy of the petition served had not stated the name of the other partner, the defect should have been pleaded in abatement of the process served upon him."

The case of Crain v. Griffis, supra, was one in which it was held that the mere omission of the surname of one of the defendants whose name was given in full in the petition, and who was duly served with a copy of the petition and writ, was not such a defect in the citation as required the setting aside of a judgment by default. The other cases cited by appellees are, in legal effect, we think, substantially as those just particularly referred to. They generally announce the doctrine that such defects in the citation as may be amended or given occasion for plea in abatement of the writ cannot be taken advantage of in any other way, and are not available for the first time on appeal. For the most part, too, they are cases of partnership plaintiffs or defendants, where the name of the partnership was given, which, in a sense, may be said to be the real plaintiff or defendant under our statute authorizing suits and judgments against a firm upon service of citation upon one member thereof regardless of a want of service upon the others. See Revised Statutes, art. 1863.

[1] The citations under consideration do

state the name of one of the plaintiffs, and the contention is very plausible that this ought to be held sufficient to support the judgment before us, in view of the fact that by the express terms of the statutes, a copy of the plaintiff's petition, in which the names of all the plaintiffs were specifically set forth, was forwarded, together with the citations, and served therewith upon the several defendants, and each defendant could certainly from the citation and petition have obtained full and complete information as to the particular individuals who were presenting complaints againt him. It is to be noted, however, that the citations under consideration are not, as in in the cases cited by appellees, citations in which the names of the parties are imperfectly stated, but here there is an entire omission of the names of numerous plaintiffs who see fit to sue for the enforcement of rights vested in them separately and in their individual capacity. It may perhaps not be amiss to further observe that the citation is the act of the court through its proper officer, commanding the appearance of the defendant at a time and place named to answer the plaintiff's petition. It has the dignity of official character and the weight of superior authority, while the plaintiff's petition is but that which the complaining party alleges. Of itself, it bears neither verity nor authority. It may therefore be presumed that the citation will be subjected to a more careful and heedful scrutiny than a copy of the petition when both are received at the same time. There may possibly have been some consideration of the kind which induced the lawmaking power to prescribe the contents of the citation. However this may have been, it is undeniably true that the lawmaking power, among other things, specifically prescribes that the names of all of the parties shall be given in the citation, to the end doubtless that one called upon to answer the complaint of another shall have, in official language that must be heeded, a fair notice of such facts, including the names of the parties, relating to the action against him as was deemed essential to an immediate preliminary preparation for his defense; and our decisions undoubtedly declare it to be the duty of the courts to strictly enforce the requirement. For instance, in the case of Lyman v. Milton, 44 Cal. 630, it is said that, where there are several parties defendant, it is not sufficient to give the name of one in the summons, followed as in the case of the citations before us, by the words "et al." And in the case of Higgins v. Shepard, 48 Tex. Civ. App. 365, 107 S. W. 79, by one of our own Courts of Civil Appeals, it was held that a citation which stated the name of a party plaintiff, followed by the words "et uxor are plaintiffs," is not sufficient under the statutes requiring the citation to give the names of the parties, not-

withstanding the fact that the defendant was served with a certified copy of the petition which gave the full name of the wife. It was said that when a wife is a party plaintiff with her husband her name must be stated, although the court may assume that the words "et uxor" meant "and wife." See, also, the following authorities: 16 Encyc. Dig. of Texas Reports, p. 36, § 7; Owsley v. Paris Exchange Bank, 1 Posey Unrep. Cas. 93; Delaware Const. Co. v. F. & M. Bank, 77 S. W. 628; Burleson v. Henderson, 4 Tex. 53; Frosch v. Schlumpf, 2 Tex. 422; Norvell v. Garthwaite, 25 Tex. 585; Durham v. Betterton, 79 Tex. 224, 47 Am. Dec. 655; Heath v. Fraley, 50 Tex. 211; Weems v. Watson, 91 Tex. 35, 40 S. W. 722; So. Pac. Co. v. Block Bros., 84 Tex. 21, 19 S. W. 300; Smith v. Buckholts State Bank, 193 S. W. 730; Kimmell v. Edwards, 193 S. W. 363; Simms v. Miears, 190 S. W. 544; Dunn v. Hughes, 36 S. W. 1084; Am. Nat. Ins. Co. v. Rodriquez, 147 S. W. 678.

In this connection, we think it pertinent to further observe that, as will be noticed by reference to article 1852 above, the Legislature not only prescribes that the names of the parties shall be stated in the citation, but also that the nature of the plaintiff's demand shall be stated, and the decisions hereinbefore cited adhere to this requirement with the same strictness as they do to the requirement that the names of all the parties shall be stated; and, furthermore, that article 1852, by an act approved March 24, 1919 (see General Laws 1919, p. 212) was so amended as that thereafter it should be unnecessary to state the nature of the plaintiff's demand in a citation where under the law it was necessary to accompany such citation with a certified copy of the plaintiff's petition. The Legislature in having thus seen fit to specifically authorize the omission of the requirement last referred to, and at the same time leave the article as it aforetime was in respect to the requirement of stating the names of the parties, is significant. The Legislature could but have had in mind the state of our decisions on the subject, and the amendment must be construed, we think, as indicating the legislative purpose to continue the requirement relating to the names of parties as theretofore maintained by the courts, upon the principle embodied in the old legal maxim, "Expressio unius est exclusio alterius."

[2] For the reasons stated, we conclude that the citations considered will not support the judgment herein, notwithstanding the fact that the defendants were served with copies of the plaintiff's petition. It is accordingly ordered that the judgment below must be reversed, and the cause remanded; it not being deemed material to notice other assignments of error.