**FITZPATRICK et al. v. DORRIS BROS.**
**(No. 188.)**

(Court of Civil Appeals of Texas. Eastland. March 26, 1926. Rehearing Denied Feb. 5, 1926.)

1. **Judgment** ⚖⇒17(10)—**Sheriff's return of service of citation, stating it was executed on May 16th, by delivering to D. and C. May 27th, "the within named defendant," true copy of writ, held insufficient to support default judgment (Rev. St. 1925, arts. 2026, 2034).**

Sheriff's return of service of citation, stating that it was executed on May 16th, by delivering to D. and C. May 27th, "the within named defendant," true copy of writ, *held* insufficient under Rev. St. 1925, arts. 2026, 2034, to support default judgment against D., since it fails to show that copy was delivered to each defendant or whether delivery was May 16th or May 27th.

2. **Judgment** ⚖⇒17(10).

To support judgment by default, record must affirmatively show that party against whom judgment is rendered has been served as required by law.

3. **Process** ⚖⇒134.

Where there is more than one defendant, return of service of citation is not defective for omission of word "each," if it appears otherwise from proper recitation that each defendant was served.

4. **Process** ⚖⇒133—**That service of citation was had as commanded by law should be clearly shown and reflected in officer's return.**

That service of citation was had in manner and form commanded by law should be clearly shown and reflected in officer's return.

5. **Process** ⚖⇒141.

Officer's return is proof of the service of a citation.

Error from District Court, Erath County; J. B. Keith, Judge.

Suit by J. C. Dorris and another against P. H. Fitzpatrick and others. Default judgment was rendered against defendant I. T. Dennis, and he brings error. Reversed and remanded.

Chandler & Chandler, of Stephenville, for plaintiff in error.

Robt. L. Thompson, of Stephenville, for defendants in error.

RIDGELL, J. This suit was brought by J. C. Dorris and F. B. Dorris against I. T. Dennis, I. P. Cowan, and P. H. Fitzpatrick in the district court of Erath county. The plaintiffs below sought judgment against all the defendants for $120, alleged conversion of personal property, and judgment against Dennis and Cowan for $1,600 on alleged contract. The defendant Fitzpatrick filed a plea of misjoinder of parties and causes of action, and defendants Dennis and Cowan filed no answer in the court below. On the trial plaintiff below dismissed the suit as to Fitzpatrick and Cowan, and judgment by default was rendered against plaintiff in error, Dennis, for $1,680, with 6 per cent. interest from June 5, 1925. Plaintiff in error filed his petition, and citation was issued and served, supersedeas bond filed, and the cause is now before this court for review.

[1] Propositions 1, 2, and 3 made by the plaintiff in error make the same attack upon the judgment, and will therefore be treated together. It is insisted by said propositions that the sheriff's return of service is not such a compliance with the law as would sustain and support the judgment by default rendered against plaintiff in error, Dennis, in this case. The return of the sheriff upon the citation in this cause shows as follows:

"Came to hand on the 15th day of May, 1925, and executed on the 16th day of May, 1925, by delivering to I. T. Dennis at Stephenville and I. P. Cowan at Stephenville May 27, 1925, the within named defendant in person a true copy of this writ."

[2] Of course, in order to support the judgment by default, the record must affirmatively show that the party against whom judgment is rendered has been duly and legally served in the manner and form prescribed and provided by law. Article 2026, Revised Civil Statutes of 1925, provides:

"Unless it otherwise directs, the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation and a certified copy of the petition when served without the county in which the suit is pending."

Article 2034, Revised Civil Statutes 1925, provides and directs how the return of the officer executing the writ shall be made and

requires that the officer shall indorse or attach his return showing when the citation was served, the manner of service conforming to the command of the writ and to be signed officially.

This return of the officer fails to comply with the law in respect to the service and return of citations and is manifestly insufficient to authorize a judgment against plaintiff in error, Dennis. The return of the officer should show that a copy of the citation was delivered in person to each of the defendants, where there is more than one defendant, as in this case, and this return fails in that respect. It is a matter of conjecture whether citation from this return was delivered to each of the defendants and whether same was executed by delivering to Dennis or by delivering to Cowan a copy of citation, and whether the act was done on May 16 or May 27, 1925. This conclusion is strongly persuaded by the fact that the return states that the process was executed by delivering to the within named defendant in person a true copy of the writ.

In the case of Swilley v. Reliance Lumber Co. (Tex. Civ. App.) 46 S. W. 387, we have a very similar return, the return of the officer being as follows:

"Came to hand the 16th day of July, 1896, at 10 o'clock a. m., and executed the 23d day of July, 1896, by delivering to W. S. Swilley and B. F. Cameron, the within named defendants, in person, a true copy of this citation."

The court held that the return was insufficient to authorize a judgment against either Swilley or Cameron, citing in support of the holding Holliday v. Steele, 65 Tex: 388; King v. Goodson, 42 Tex. 153. In the case of Rush et al. v. Davenport et al. (Tex. Civ. App.) 34 S. W. 380, it is held that a sheriff's return reciting, "Executed by delivering to Wright & Rush, a true copy of this citation, together with a copy of plaintiff's original petition," is insufficient as not showing a copy served on each.

It is insisted by defendant in error that this return shows that Cowan was served on May 27, 1925, and that Dennis was served on May 16, 1925, and that he received a copy of the writ on that date from the sheriff. We cannot agree that this return shows that Dennis was served with citation on May 16, 1925, and the return is not susceptible of the construction that each of these defendants were served with copy of the citation. Our attention is called to the case of Graves v. Drane, 66 Tex. 658, 1 S. W. 905. In that case the return shows that Graves was served by the officer delivering to him in person a true copy of a writ, together with a certified copy of plaintiff's original petition. The attack in that case seems to be that the cita-

tion was insufficient because it was not clear that defendant Graves was served with a certified copy of plaintiff's original petition, and, as stated by the court, it clearly appeared that the officer had done just what he was commanded in the writ. We do not see how that case bears any applicability to the case under consideration.

[3-5] The defendant in error refers us to the case of Polnac v. State, 46 Tex. Cr. R. 70, 80 S. W. 381. In that case the sheriff made return on scire facias stating that it was executed on the 6th, 7th, 8th of February, 1903, by delivering to the within named defendants a true copy of the writ, together with a copy of the petition, and our Court of Criminal Appeals, in holding the service sufficient, construed the return to show that each of the defendants were served, because the return shows three separate days of service on the three defendants. We have a different situation in this case, for the reason that this return cannot be construed to show that Dennis was served on May 16, 1925, and that at that time he was given a copy of the citation, and the suggestion is rather excluded by the statement that the defendant was given a copy of the citation, as appears from the statement of said return. If Dennis was served on May 27, 1925, service would have been too late for the June term, as 10 days would not elapse between the service and the convening of court. It is true, where there is more than one defendant, that the return would not be defective because the officer omitted to use the word "each;" if it appeared otherwise from proper recitation that each defendant was in fact served with a copy of the citation. Anyhow, following and applying the holding of our civil courts, we would not feel authorized to say that this return complied with the law. The citation is an instrument that brings a defendant into court to answer the complaint and grievance of a citizen, and before any judgment should be rendered, it should clearly and manifestly appear that service of citation was had in the manner and form commanded by law, and these facts should be shown and reflected in the officer's return, which is the proof of the service.

This return failed to comply with the law, being confusing, being in such form as would require proof to explain in order to arrive at a proper construction and knowledge of the facts, and we cannot give legal approval to a default judgment rendered against a defendant upon such a return.

It is therefore ordered that the default judgment against plaintiff in error Dennis be set aside, and that this cause be reversed and remanded for a new trial.