## MILES G. DIKES v. MONROE & BROTHER.

See this case as to the certainty required in the statement of the names of the parties in the citation.

It would seem that the fact of interlineation or erasure in an averment or record, can only be brought to the knowledge of this Court by bill of exceptions or statement of facts, and not by a *fac simile* or certificate by the Clerk of the Court below.

Error from Gonzales. The transcript showed that on the 28th of October there was a motion filed by the defendant, to quash the citation, because the names of the plaintiffs were "not given in said writ the same as in the petition, and are not fully set forth." On the 31st of same month, the plaintiffs moved that the Clerk be permitted to amend the citation by stating therein the full names of the plaintiffs. The first motion was overruled. There was no entry disposing of the latter motion. Judgment by default. No bill of exceptions.

*Waul & Wilson*, for plaintiff in error, cited Hart. Dig. Art. 675 ; 4 Tex. R. 49 ; 8 Id. 107.

*Mills*, for defendants in error, cited 9 Tex. R. 527, and suggested delay.

LIPSCOMB, J. This suit was brought on a note of hand, made payable by the appellant to Monroe & Brother. The petition is in the name of Hugh William Monroe and John Monroe, trading under the firm and style of Monroe & Brother.

The citation, as presented by the record, is in conformity with the petition, but it is alleged that there had been an alteration in the original citation, by an interlineation, making it to correspond with the petition ; that before the interline-

ation it was "then and there to answer the petition of Monroe & Brother;" that the words "H. W. Monroe and John Monroe, doing business under the name, firm and style of," were interlined. The Clerk notes in the margin of the transcript, that those words were interlined in the original; he does not State when or by whom, and the probability is that it was done before it issued by the Clerk. The Clerk who made the marginal note, is not the same who issued the citation. If an alteration had been made in the original, after service, it should have been directly impeached. The marginal note cannot be noticed. If, however, those words complained of as having been interlined had been omitted, the objection could not have been sustained; the petition was right, and the departure from it would not have been calculated to surprise the defendant, because the copy of the petition, served upon him at the same time, would have given him more particular and special information of the nature of the action. If the petition is correct, all that can be required in the citation is substantially a conformity to the petition. We do not exact as much strictness as we would if the citation, with us, was, as the writ is in the Common Law practice, the leading process in the suit. The petition, in our system of procedure, is the leading process. (Cummings v. Rice & Nichols, 9 Tex. R. 527.) The judgment is affirmed with damages for delay.

Affirmed with damages.