## KIRK AND OTHERS v. MURPHY AND OTHERS.

Generally, in case of the inability of the Sheriff to execute process, the Coroner, by virtue of his office, is authorized to act as his substitute ; and where he has acted, the legal presumption is that the facts existed, which rendered it proper for him to act in the particular instance.

See this case as to a mistake in the names of the parties plaintiff, as stated in the copy of the citation served on the defendant.

It devolves on the plaintiff in error to bring up the record so presenting the facts, as that it may be seen on what state of case the Court below acted ; and, if there be error, that it may certainly be seen in what it consists.

Appeal from Wood.

The transcript was not in the Clerk's office, and the Reporters are therefore unable to give a statement of the case.

*D. O. Norton*, for appellants.

*S. H. Dearborn* and *S. M. Hyde*, for appellees.

WHEELER, J.  The process was directed to the Sheriff "or any lawful officer" of the County, to execute and return.  The Sheriff, being a party defendant to the suit, and consequently incapacitated to execute the process, it was competent for the Coroner to execute it.  Generally, in case of the inability of the Sheriff to execute process, the Coroner, by virtue of his office, is authorized to act as his substitute ; and where he has acted, the legal presumption is, that the facts existed which rendered it proper for him to act in the particular instance.— (Powell v. Wilson, lately decided at Galveston, *supra*.)

The plea in abatement to the service is not sworn to, nor does its truth appear by the record.  The copy of the petition

and citation, in the possession of the defendant, was not a part of the record ; nor is it made a part of the record brought to this Court, by the bill of exceptions or otherwise. The plea and the bill of exceptions are contradictory ; the former states that the variance is in the copy of the citation ; whereas the latter represents the objection as having been taken to the copy of the petition. The plea itself ought perhaps to be taken as the best evidence of what it contained, and what the objection really was. And if the names of the plaintiffs were truly stated in the copy of the petition, that would sufficiently apprise the defendant who the plaintiffs really were, though there was a mistake in the christian name of one of them in the copy of the citation ; and the objection was therefore rightly overruled. But we are of opinion that the objection to the service is not presented by the record in a manner to require revision. It devolves on the plaintiff in error to bring up the record so presenting the facts, as that it may be seen on what state of case the Court below acted ; and if there be error, that it may be certainly seen in what it consists.— He should have made the copy, in which the variance is alleged to consist, a part of the record. The apparent contradiction in the record, and consequent uncertainty whether it was in the copy of the petition or citation, would then have been removed, and the case would have been properly presented for revision. But as it is uncertain, from the record, in what the error, if any, consists, it can afford no ground for reversing the judgment. Repeated decisions have settled, that to authorise a reversal, it must certainly appear that there is error in the judgment, and in what it consists. The judgment is affirmed.

Judgment affirmed.