### J. W. Guimond v. Nast & Greenzweig.

I. Service.—A citation issued and served on A. B., calling upon him to answer a petition "wherein N. and G. are plaintiffs, and A. B. & Co. are defendants, as per copy of said petition will more fully appear," is sufficient.

2. Judgment.—It is not error to render judgment against all the members of a partnership when service has been had on one only, if the judgment directs the issue of execution against the partnership property of the firm, and on no individual property except that of the one served.

ERROR from Harrison.  Tried below before the Hon. M. D. Ector.

*McKay & Mabry*, for plaintiff in error.

*William Steadman*, for defendants in error.

ROBERTS, CHIEF JUSTICE.—This is a writ of error by Guimond alone.  The petition of Nast and Greenzweig declared on a note executed by Guimond and Powers, "defendants, being partners in trade under the firm-name and style of S. W. Guimond & Co.," payable to Nast & Greenzweig.

The citation issued and served on Guimond called upon him to answer a petition "wherein Nast & Greenzweig are plaintiffs and J. W. Guimond & Co. are defendants, as per copy of said petition will more fully appear."

We are of opinion that this is a sufficient description of the names of the parties to the suit as required by the statute, because we must presume that the accompanying copy of the petition corresponded with the petition on file, which did state more fully the names of the parties by which the defendant served was fully informed on that subject.  If the copy of the petition served had not stated the name of the other partner, the defect should have been pleaded in abatement of the process served upon him. (Dikes *v.* Monroe & Bro., 15 Tex., 236.)

There being no service of citation on Powers, the other partner, a judgment by default was rendered, in which it was recited that the plaintiffs, "Cecelia Nast and George Greenzweig, have and recover of the defendants, J. W. Guimond and J. M. Powers, partners under the name and style of J. W. Guimond & Co., the sum of two hundred and thirty-four and $\frac{19}{100}$ dollars, to bear interest at the rate of 8 per cent. interest per annum from this date, together with all costs in this behalf incurred, for which let execution issue against the partnership property of J. W. Guimond & Co. and against the individual property of the

said J. W. Guimond." It had been previously recited in the judgment entry that Guimond had been served with citation and that Powers had not. This judgment, when all of its parts are thus brought into consideration, is a substantial compliance with the statute, which prescribes that "when suit is instituted against a partnership service of process upon one of the partners shall be sufficient notice to all of the members of the firm, except that the judgment rendered in the case of such service shall only be enforced against the partnership property and the separate property of the partner who may have been served." (Paschal's Dig., art. 1514.)

Under this statute service on Guimond was also service of process on Powers, as a partner in the alleged firm of J. W. Guimond & Co., and a judgment against him in that capacity as one of the partners was proper, so far as to bind his interest as a partner in the partnership property, and not otherwise. This judgment is rendered against them "as partners under the name of J. W. Guimond & Co.," and the recital that Powers was not served, and the direction for the execution to issue "against the partnership property of J. W. Guimond & Co. and against the individual property of the said J. W. Guimond," indicate clearly that it is not a judgment affecting the separate property of Powers outside of his interest in the partnership.

The judgment was therefore correct in the form in which it was rendered.

AFFIRMED.