[Opinion delivered April 19, 1880.]

---

### J. H. OWSLEY, EX'R, V. PARIS EXCHANGE BANK.

(Case No. 3414.)

1. CITATION — JUDGMENT BY DEFAULT.— The statute (Pas. Dig., 1431) prescribes that the citation in the district court shall "state the names of the parties to the suit," and a citation which fails to state the names of all of the defendants is defective and will not support a judgment by default. 42 Tex., 52; 8 Tex., 108; 16 Tex., 46; 25 Tex., 583.
2. SERVICE OF CITATION.— A defendant sued as executor, and also individually, need not be served with more than one copy of the citation.

ERROR from Lamar. Tried below before the Hon. R. R. Gaines.

This suit was brought at the fall term, 1876, of the district court of Lamar county by J. E. Roberts, cashier of the Paris Exchange Bank, against J. H. Owsley, individually,

and also as executor of Ann J. Owsley, deceased, and S. B. Maxey, upon a promissory note alleged to have been executed by J. H. Owsley, one E. K. Owsley (who is not sued), S. B. Maxey, and Ann J. Owsley, deceased. A copy of the note was filed with and made a part of the petition. Citation issued to the sheriff of Lamar county, commanding him to summon J. H. Owsley to be and appear before "the district court of Lamar county on the first Monday in October, 1876, to answer the petition of J. E. Roberts, cashier of the Paris Exchange Bank, against him in his own proper person and as executor of Ann J. Owsley, deceased, *and others*."

The sheriff returned the citation, "Came to hand this, the 18th day of September, 1876, and executed the 21st day day of September, 1876, by delivering to J. H. Owsley, the within-named defendant, a true copy of this writ, with the accompanying certified copy of plaintiff's petition. JOHN A. GOSE, Sheriff Lamar County, Tex. By T. T. SANDERS, Deputy."

There was a judgment by default against J. H. Owsley, individually and as executor of Ann J. Owsley, with a writ of inquiry. After the judgment by default was taken, the cause came on to be heard on the writ of inquiry and upon the cross-bill of the defendant Maxey, setting up his surety-ship, and that the note sued on was given for the benefit of the property of Ann J. Owsley. The court rendered judgment against J. H. Owsley, and charging the property of Ann J. Owsley, and against Maxey as surety, from which judgment J. H. Owsley, as executor of Ann J. Owsley, prosecuted this writ of error.

The errors assigned are:

1. The citation upon which the court below exercised jurisdiction is fatally defective, in that it does not set out the names of all the parties defendants in the suit; this being a judgment by default against plaintiff in error.

2. The return of the officer on original citation is defective, as there is no allegation therein of service on plaintiff in error as executor, etc.

Third, fourth, fifth and sixth relate to the proceedings

resulting in judgment subjecting the estate of Ann Jane Owsley, deceased, to the judgment.

*John P. Graham* and *J. G. Dudley*, for plaintiff in error.

*Walton, Green & Hill*, for defendant in error.

A. S. WALKER, J.— Touching the matters relating to the merits, we only remark that the petition does not disclose that Ann Jane Owsley was a married woman, nor does the judgment so declare. There is no statement of facts. Such objection cannot be taken on appeal when not taken or apparent on the record below. Caldwell *v.* Brown, 43 Tex., 216.

The second assignment we do not deem material. The service of the two copies would have been useless.

The sufficiency of the citation raised by the first assignment is the only question of importance in the record. The citation commanded the officer to summon J. H. Owsley to be and personally appear . . . "to answer the petition of J. E. Roberts, cashier Paris Exchange Bank, against him in his own proper person, and as executor of Ann Jane Owsley and others, for debt, certified copy of which petition is herewith sent, which you will also deliver to defendant." In other respects the citation was formal.

The statute (Pas. Dig., 1431) prescribes that the citation in the district court "shall also state the names of the parties to the suit."

In Burleson *v.* Henderson, 4 Tex., 52, a citation to one defendant, omitting two other defendants, *held* defective on appeal; the opinion of the court stating, "it is sufficient to say that the statute requires the parties to be named in the writ; and this provision being disregarded, the citation cannot be sustained."

In Crain *v.* Griffis, 14 Tex., 358, citation was issued and served on Sampson Christie, a defendant. The citation named the defendants "Joel B. Crain, George H. Ramey and Sampson." *Held*, that objection for misdescription, etc., does

not go to the validity of the process, and must have been taken by plea or exception, and cannot be assigned as error on appeal from judgment by default.

In Dikes *v.* Monroe, 15 Tex., 236, *held,* that a citation describing the plaintiffs as " Monroe and brother," in an action by H. W. Monroe and John Monroe, was not so defective as to require judgment by default to be reversed; the court holding that the copy of petition served at the same time would have given particular information of the nature of the cause of action; and that " the petition in our system of procedure is the leading process."

In Andrews *v.* Ennis, 16 Tex., 46, *held,* " the statement of the firm name " (of plaintiffs in the citation) "is deemed a sufficient compliance with the statute. The petition, a copy of which accompanied the writ, fully disclosed the names of the plaintiffs."

In Kirk *v.* Murphy, 16 Tex., 655, the opinion of the court says: " If the names of the plaintiffs were truly stated in the copy of the petition, that would sufficiently apprise the defendants who the plaintiffs really were, though there was a mistake in the Christian name of one of them in the copy of the citation." This was on a motion to quash the citation for variance between the citation and petition in the names of the plaintiffs.

In Norvell *v.* Garthwaite, 25 Tex., 584, judgment reversed for defective citations — not naming the parties; citations were directed to each of several defendants, who appear alone to have been named as defendants.

In Battle *v.* Eddy, 31 Tex., 368, judgment reversed for defective citation in naming but one of two defendants.

In Guimond *v.* Nast, 44 Tex., 114, a citation naming the defendants as " J. W. Guimond & Co.," served on Guimond, held sufficient on his appeal to support a judgment by default against him individually, and against the firm assets, the court saying: " This is a sufficient description of the names of the parties to the suit as required by the statute, because we must presume that the accompanying copy of the petition corresponded with the petition on file, which did

state more fully the names of the parties, by which the defendant served was fully informed on that subject." This appears to have been decided under the statute regulating suits against partnerships. Pas. Dig., 1514.

In Heath v. Fraley, 50 Tex., 209, in suit by John W. Fraley and his wife Mary Emma Fraley, plaintiffs, against Heath, the plaintiffs were named in the citation as "John W. Fraley and wife." On appeal from judgment by default, *held:* The citation, however, upon which the judgment is based fails to state the names of the plaintiffs, to whose action appellant was required to answer, as is, in plain and direct terms, required by the statute." Citing 4 Tex., 52; 8 Tex., 108; 16 Tex., 46; 25 Tex., 583.

From this digest of the cases, and taking the first and the last utterance of the supreme court, that the statute means what it says, and that the meaning is clear, we conclude that the citation in this record will not support the judgment by default. It does not state the names of the parties to the suit. For this error the case should be reversed.

REVERSED AND REMANDED.