### T. W. CARLTON v. CHAS. P. MAYNER ET AL.

#### Decided June 15, 1907.

**Citation—Judgment by Default—Nature of Plaintiff's Demand.**

The statutory requisites of a citation are mandatory, one of such requisites is that it shall state "the nature of plaintiff's demand;" a want of fullness in such statement in a citation to a defendant without the county in which the suit is filed, may be supplied by the accompanying petition, but a citation, even in such case, which states an entirely different cause of action from that alleged in the petition, will not support a judgment by default.

Error from the County Court of Hardin County. Tried below before Hon. H. N. Vickers.

*Bryan & McRae* and *Taliaferro & Nall,* for plaintiff in error.

*C. A. Lord,* for defendant in error.—When a citation contains a statement of the nature of a cause of action the process is not void, and discrepancies, inaccuracies, and statements at variance with the petition can not be taken advantage of for the first time

on appeal. Cave v. City of Houston, 65 Texas, 619; Crain v. Griffis, 14 Texas, 358; Loungeway v. Hale, 73 Texas, 495.

If the statement of the nature of plaintiff's demand is insufficient in the citation, still if the citation is accompanied by a copy of plaintiff's petition, the insufficient statement in the citation could not operate to the prejudice of defendant, and the citation would be sufficient to support judgment by default. Old Alcalde Oil Company v. Ludgate, 85 S. W. Rep., 453; Graves v. Drane, 66 Texas, 659; Scalfi v. State, 31 Texas Civ. App., 671.

The citation in this case is sufficient to sustain a judgment by default. Pipkin v. Kaufman, 62 Texas, 545; Hinzie v. Kempner, 82 Texas, 622; Houston & T. C. R. R. v. Burks, 55 Texas, 323; Old Alcalde Oil Co. v. Ludgate, 85 S. W. Rep., 453; Graves v. Drane, 66 Texas, 659; Scalfi v. State, 31 Texas Civ. App., 671.

PLEASANTS, ASSOCIATE JUSTICE.—This writ of error is prosecuted from a judgment by default rendered against appellant and the firm of Weyant & Carlton, Woolsey Weyant and appellant being the members composing said firm, in a suit brought by defendant in error against said firm. The cause of action upon which the suit was brought is stated in the petition as follows:

"Plaintiff represents that on or about August 1, 1904, plaintiff was the owner of a certain rotary rig and drilling outfit complete, which was situated at Batson oil fields in Hardin County, Texas; that as forming parts of said complete outfit, among other things, were the pieces, parts, appliances, items and things enumerated in the account hereto annexed, and for identification marked Exhibit A, which is asked to be taken and considered as a part hereof; that on or about August 1, 1904, defendants hired and rented plaintiff's said complete rotary outfit aforesaid together with the things set forth in said exhibit A, agreeing to pay plaintiff a stipulated price and sum then and there agreed upon as the rental for the same, and at the same time by agreement express and implied undertook and bound themselves to return the same to plaintiff at the expiration of the time same should be used by defendants, in the same condition in which the same was received, the natural wear and tear excepted; that there was no time fixed by said agreement during which the same were to be so used by defendants, but it was understood that they were to so use the same as long as they needed it, and that when defendants would return the same to plaintiff and indicate when they desired to cease to so use said outfit, that defendants were to use said outfit on certain leased premises on the Batson oil fields, and it was expressly and impliedly agreed that if they should cease to use the same at any time when plaintiff was not present at such oil fields where he could accept the return of the same, that defendants were to retain the said outfit, and be responsible for its safe keeping until such time as it might be returned to plaintiff as aforesaid.

"Plaintiff alleges that he can not state the exact time that defendants ceased to so use said outfit, but says that it was about the —— day of ————, 1904. Plaintiff says that during the time de-

fendants so had possession of said outfit they appropriated and converted to themselves the parts, appliances, items, and things, being parts of said outfit, that are set out in said Exhibit A, and wholly failed to return said parts and things to this plaintiff. Plaintiff says that if he is mistaken in that defendants appropriated and converted said items and things as aforesaid to themselves, then and in that event he says that defendants negligently and carelessly allowed and permitted other persons to carry the same away and to allow them to become lost and destroyed, and in any event plaintiff alleges that defendants never accounted for the same to this plaintiff, and that the same were wholly lost to plaintiff; that said articles so appropriated or lost as aforesaid were of the fair and reasonable values stated in said Exhibit A, and plaintiff here refers to said exhibit and asks that the same may be made a part hereof and considered herewith for all purposes; that the aggregate value of said articles at Beaumont in Jefferson County, Texas, was three hundred ninety-four dollars and eighty-six cents; that on account of the loss to plaintiff of said parts it became necessary for him to transport said articles, parts and things to Batson oil fields in Hardin County, and he alleges that the cost of said transportation was the sum of thirty-two dollars and thirty cents ($32.30), which further sum plaintiff was forced to expend to replace the articles aforesaid at Batson, Texas.

"Plaintiff alleges that as further forming parts of said outfit aforesaid complete, was a certain fuel tank and a certain clutch, which he also let to defendants at the same time and place, and he says that defendants broke up and destroyed said fuel tank and clutch by their negligence and carelessness, and that the same were not returned to plaintiff nor accounted for; that the said clutch was of the fair and reasonable value of eight dollars, and the said fuel tank was of the fair and reasonable value of five dollars.

"Plaintiff further alleges that he was the owner of about 700 feet of two-inch gas pipe at the time said outfit was so let to defendants and that the same was situated on defendants' said leased premises at Batson oil fields, and was then and there placed in the keeping and custody of defendants by this plaintiff, to be looked after and protected by defendants under the arrangement plaintiff had with defendants; that defendants appropriated the said pipe to their own use and benefit and converted the same, and failed and refused to deliver the same to plaintiff; that said pipe was of the fair and reasonable value of ten cents per foot, aggregating the sum of seventy dollars.

"Plaintiff says that by reason of all the premises defendants are indebted to plaintiff in the sum of $510.16 and that the same is long past due, and that defendants have wholly failed and refused to pay the same or any part thereof, though often requested so to do, to plaintiff's actual damage in the said sum of $510.16.

"Wherefore plaintiff prays that defendants be cited in terms of the law to answer this petition, and that upon final hearing hereof he have judgment against defendants and each of them, and against said

partnership as provided by law for said sum of $510.16, for all costs of suit, and for such other and further relief, legal and equitable, general and special as he may be entitled to, and so he will ever pray."

Citation, with certified copy of petition, were served upon the plaintiff in error, T. W. Carlton, in Brazoria County, his alleged residence, and judgment by default was rendered against him and the firm of Weyant & Carlton on the 17th day of August, 1906, for the sum of $510.16. No service was had upon the other defendant, Woolsey Weyant.

The nature of plaintiff's demand stated in the citation issued and served on the defendant Carlton is as follows:

"The nature of plaintiff's demand is as follows, to wit: Suit to recover the sum of $750.16 amount due plaintiff on a certain contract entered into by and between plaintiff and defendant, of date on or about August 1, 1904, for the hire and rent of a certain rotary well outfit as shown by Exhibit 'A' attached to and which is a part of plaintiff's original petition in said suit and all of which will more fully appear from plaintiff's original petition, now on file of which a certified copy accompanies this citation."

Under appropriate assignments of error plaintiff in error assails the judgment of the court below on the ground that the service was insufficient to authorize the rendition of judgment by default against him, in that the citation served upon him did not contain a statement of the nature of the demand against him, but set out an entirely different cause of action from that upon which he was sued and the judgment against him rendered. The statement of the nature of plaintiff's demand in the citation above quoted shows an entirely different cause of action from that set out in the petition, and we think the service of such citation did not authorize a judgment by default against plaintiff in error or against the firm of which he was a member, there having been no other service upon said firm.

To authorize a judgment by default the notice served upon the defendant must contain all of the statutory requisites, and one of these requisites is that it shall state "the nature of plaintiff's demand." Rev. Stats., art. 1214. While it is not required that the statement of the nature of the demand in the citation shall fully set out the cause of action, it must be sufficient to correctly inform the defendant of the general nature of the claim asserted against him. Where the citation, as in this case, is to a defendant living without the county in which the suit is brought and is accompanied with certified copy of the petition which is also served upon the defendant, it has been held that a want of fullness in the statement in the citation of the nature of plaintiff's demand is supplied by the petition, but no case has gone so far as to hold that a statement in the citation entirely at variance with the petition can be considered sufficient because of the fact that a copy of the petition was served with the citation. The statutory requirements are mandatory, and unless the citation is in substantial compliance with these requirements a judgment by default is not authorized. Durham v. Betterton 79 Texas, 223; Pruitt v. The State, 92 Texas, 434; Delaware

Western Construction Co. v. Farmers' & M. Bank, 33 Texas Civ. App., 658.

From these conclusions it follows that the judgment of the court below should be reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*