### KING v. OLIPHANT.

(Court of Civil Appeals of Texas. Dallas. May 6, 1911.)

APPEARANCE (§ 24*)—DEFECT IN PROCESS—CURE BY ANSWER.

The filing of an answer to a suit confers jurisdiction of the defendant, so as to authorize a binding judgment, notwithstanding a defect in the process.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118–143; Dec. Dig. § 24.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by W. M. King against S. H. Oliphant. Judgment for defendant, and plaintiff appeals. Affirmed.

J. W. Finley and T. L. Brame, for appellant. Wolfe & Maxey, for appellee.

RAINEY, C. J. Appellant brought this suit against the appellee to set aside a judgment rendered against him by the district court of Grayson county on March 30, 1909, and to recover certain lands which were decreed to appellee by said judgment, and also to recover various items of damage. Defendant answered by general and special exceptions and general denial. The special exceptions to the items of damage were sustained, because improperly joined in this action. A trial before the court without a jury resulted in a judgment for appellee.

There is no statement of facts found in the record. The court filed conclusions of fact, to which appellant has presented no objections, and we adopt same as our conclusions of fact. Said conclusions are as follows:

"(1) On the 28th day of November, 1908, S. H. Oliphant filed suit in the district court of Grayson county against W. M. King, numbered 18,237 on the dockets of said court, to recover the title and possession of the tract of land set out and described in plaintiff's petition filed in this case. At the same time a writ of sequestration was issued, and executed by H. S. Rich, sheriff of Grayson county, Tex., taking possession of said premises. On the same day a citation was issued, which was regular in all respects, except as follows: The attesting clause read: 'Attest: K. S. Loving, Clerk of the District Court of Grayson County. Given under my hand and seal of said court at office in the city of Sherman this the ——— day of ———, 190—. Clerk District Court Grayson County, Texas, by L. C. Fisher, Deputy.' Over the attest clause the seal of the district court of Grayson county was duly impressed. The return of the officer on said citation showed that the same was served on W. M. King on the 2d day of December, A. D. 1908, at 2:30 o'clock p. m., after it had come to his hands on the 28th day of November, 1908, but it did not show the hour of the day same was received by the officer. On the back of said citation appeared the following: 'Issued November 28th, 1908. K. S. Loving, Clerk District Court of Grayson County, Texas, by L. C. Fisher, Deputy.'

"(2) That K. S. Loving was the duly qualified and acting clerk of the district court of Grayson county at the time of the issuance of said citation, and L. C. Fisher was his duly qualified and acting deputy.

"(3) That said citation required the defendant to appear and answer plaintiff's suit at the courthouse in the city of Sherman on the first Monday in January, 1909, which was the 4th day of said month.

"(4) That thereafter, on the 4th day of January, 1909, J. Q. Adamson, an attorney duly licensed to practice his profession, filed in said cause No. 18,237 an answer for the defendant, W. M. King, consisting of general demurrer, general denial, and plea of not guilty.

"(5) That the said J. Q. Adamson was employed and duly authorized by said King to appear for him and file said answer in said cause, but such employment did not contemplate a contest in said cause of action, but was for the purpose of procuring time to permit the said defendant, King, to try in some manner to adjust said suit outside of court.

"(6) That thereafter, to wit, on the 30th day of March, 1909, said cause No. 18,237 was duly called for trial, and judgment was rendered in favor of plaintiff, S. H. Oliphant, and against the defendant, W. M. King, for the title and possession of said property, and awarding a writ of possession. It was recited in said judgment, among other things, that 'the plaintiff appeared in person and by attorney and announced ready for trial, but the defendant came not, and it appearing to the court that the defendant had been duly cited to appear and answer this suit, the court proceeded to hear the pleadings of the

parties and the evidence adduced and rendered judgment as follows.'

"(7) That said cause had been duly set down for trial several days before the 30th day of March, 1909, and the said J. Q. Adamson. had been notified that the said cause was so set for trial on said date. That the said W. M. King, defendant, had no personal knowledge of the setting of said cause, and the said Adamson did not notify him thereof, for the reason, hereinbefore stated, that his employment was for the purpose of preventing a judgment being taken by default, and with the understanding that said defendant did not desire to contest said suit on trial.

"(8) That said answer, which was filed in said cause by said Adamson, remained with said papers until after the trial of said cause on the 30th day of March, 1909, but that on said date, or shortly thereafter, through a mistake, same was by the attorney of S. H. Oliphant delivered to him, together with certain private papers, which said Oliphant had delivered to his said attorney for the purposes of said trial, and that said answer remained with said Oliphant until after the filing of the present suit, and until a short while before the trial of the present case. That J. W. Finley, for plaintiff in this cause, before he brought this suit in connection with the clerk, searched the court papers in the former cause, and failed to find any answer filed in that cause for W. M. King, and that said Finley knew nothing of the answer being filed in said former cause until the trial of this cause."

The court held, in effect, that if there was any defect in the citation and return in the former case the same was cured by the answer filed, as stated; also that the judgment rendered in the former case was a valid, final, and binding judgment, and precluded appellee from a recovery for any and all matters set up in the pleading in this case, unless it be that portion seeking damages for breach of contract for wrongfully selling hay, and as to that it was improperly joined in this suit.

There was an agreement entered into, which was recited in the judgment, and reads as follows: "The agreement is to waive the jury and submit the matters to the court as to the question of whether or not the judgment of March 30, 1909, was binding upon the defendant, King; it being understood that, if the court should find that the judgment was binding on him, the judgment shall be rendered for the defendant in this case, but if it shall be determined by the court that such judgment was not binding, then that the cause would be continued for further trial of the other issues involved, and the defendant, Oliphant, would have a right to file additional answer to those special matters presented—that is, all except in

regard to the Adamson matter, whether that was sufficient excuse."

We are of the opinion that the court did not err in holding that filing an answer in the former suit gave the court jurisdiction of appellant in the former suit, and that the judgment rendered therein was valid and binding; and, having so found, under the agreement made between the parties, there was nothing further for the court to do but render judgment for appellee, which was accordingly done.

The judgment is affirmed.