NATIONAL EQUITABLE SOCIETY OF BELTON v. TENNISON. (No. 743.)

(Court of Civil Appeals of Texas. Amarillo. March 13, 1915.)

1. CORPORATIONS ⊗⇒507—ACTIONS—CITATION —SUFFICIENCY.

Where the petition, in an action against a corporation, prayed that citation be served on the president of defendant, while the citation directed service on the defendant in its corporate name, such citation was proper.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1971–1974, 1976–2000; Dec. Dig. ⊗⇒507.]

2. PROCESS ⊗⇒34—CITATION—STATEMENT OF DEMAND.

In an action against defendant corporation, where the citation recited that the plaintiff's demand was a "suit to recover against defendant the sum of $385, together with interest. For a more particular description of plaintiff's cause of action, see certified copy of plaintiff's original petition accompanying this writ"—and where the petition sufficiently stated the nature of plaintiff's demand, such citation was not insufficient as not sufficiently stating the nature of the plaintiff's demand; since the petition may be referred to to supply any omission from the citation where the law requires the petition to contain the matter so omitted or defectively stated in the citation.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 28; Dec. Dig. ⊗⇒34.]

3. APPEARANCE ⊗⇒24— WAIVER OF OBJECTIONS—SERVICE.

By direct provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 1882, the filing of an answer is an appearance that dispenses with service of citation, and so cured any defect in such service.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118–143; Dec. Dig. ⊗⇒24.]

4. CONTRACTS ⊗⇒303— CONCURRENT CONDITIONS—BREACH—DECISION.

Where defendant corporation was engaged in the business of lending money upon subscription contracts requiring formal applications for loans and making them conditional upon the defendant's being in funds, but contracted specially with plaintiff to lend the money in 90 days from the date of his subscription, if he would pay $385, such contract was regulated by its own provisions, irrespective of the general course of business of the defendant, and it was breach of contract for it not to let plaintiff have the loan as agreed upon, although it did not have the money, and could not let him have the loan on such breach by defendant, plaintiff, to rescind and recover the consideration paid by him, was not required to procure and tender to defendant an abstract of title to the land which had been intended to secure the loan.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1409–1443; Dec. Dig. ⊗⇒303.]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Action by C. L. Tennison against the National Equitable Society of Belton. Judgment for plaintiff, and defendant appeals. Affirmed.

B. M. Baker, of Canadian, for appellant. H. E. Hoover, of Canadian, for appellee.

HUFF, C. J. This was an action instituted by appellee, Tennison, against the appellant, the National Equitable Society of Belton, Tex., to recover the sum of $385, with interest, alleged to have been paid by Tennison to the appellant upon a contract, providing that on receipt of the $385 appellant would, within 90 days, lend Tennison $3,500 on approved real estate security. Tennison alleged the payment of $385, the tender of the real estate security, and the failure and refusal on the part of appellant to make the loan of the $3,500, and prayed for judgment, etc.

Tennison further alleged in his petition that the defendant called upon the plaintiff in Canadian, Hemphill county, Tex., for the purpose of inducing the appellee to take out a contract with appellant, and stated to appellee that, if he would take out a contract for $3,500, and would pay the advance assessment of $385, the society would at Canadian, in Hemphill county, Tex., on or before 90 days from the date of the contract, loan the appellee, upon real estate security, the sum of $3,500, at 5 per cent.; that the agent, Logue, wrote a letter to the appellant and asked the appellant to write to the appellee for the purpose of inducing the appellee to enter into the contract, and tell appellee that, if he would take out the contract and pay $385, the company would within 90 days loan the appellee the sum of $3,500; that appellant replied to this letter through its president, and stated that the company would make the loan within 90 days if the appellee would take out the contract; that under this agreement which the appellee relied upon, he was induced to, and did, take out the contract and pay over the $385; that appellee did in all things comply with the contract and agreement, and that appellant refused to make the loan; that appellant never intended to carry out the terms of its contract, and that it perpetrated a fraud upon the appellee, and thus procured his money. The petition charges that the appellee repeatedly called upon the appellant to comply with the terms of said contract; that appellant has refused to do so; that appellant has no means or intention of complying with the contract; that he, appellee, repeatedly offered to return the contract; and that the appellant has refused to receive the same or comply with its agreement. The petition makes a tender of the contract in court, and asks that the same be canceled, and that he have judgment for $385.

The appellant answered that the conditions upon which it was bound under the contract with Tennison to make him the loan were that before Tennison could demand the loan he should file with the society an abstract of

title to the real estate offered to secure the loan; the adequacy of security and the title to the real estate to be determined by the society or by its executive committee, and not then until the society had money sufficient in amount for the purpose of its reserve loan fund unincumbered with prior claims upon it. The society pleaded, further, that no such security or abstract of title had ever been offered or tendered it by Tennison, and that its executive committee had never been given the opportunity to examine the abstract to ascertain the validity of the title nor the real estate to determine its value; and, further, that at no time has the society had sufficient money in its reserve loan fund unincumbered with prior demands upon it to enable it to make the loan to Tennison demanded by ·him. Appellant therefore insisted it had not breached the contract made with Tennison, or that Tennison had not tendered the real estate security provided for by the contract, nor given the society an opportunity to pass on the question of the sufficiency of the security nor the validity of the title, and that it was not liable to Tennison on the contract, for the additional reason that it had no money unincumbered in its reserve loan fund with which to make the loan.

The case was tried before the court without a jury, and the trial court files findings of facts at the request of the appellant. We adopt the findings of fact made by the trial court, and for the purpose of this opinion we state that the evidence is sufficient to show the contract made and entered into as alleged by the appellee, and that the appellant refused to make the loan in accordance with its agreement with him, and notified him that it did not have the money, and could not loan the money. The facts in this case are furthermore sufficient to show that the contract entered into with Tennison was one not usually made by the company, but, in order to secure a contract with him, entered into a special contract as set out in plaintiff's petition, and they have failed and refused to comply with the contract and the terms of their special agreement, as alleged by him.

Appellant in the court below sought . to quash the citation on several grounds, which the court overruled.

[1] The first assignment of error is that the court erred in refusing to sustain appellant's second ground to quash the citation because the citation was not directed to be served as prayed for in the petition; the petition praying that citation be served on E. C. Clabough, as the president of the defendant corporation, and the citation directing service on the defendant in its corporate name. The petition in this case alleges that C. L. Tennison, thereinafter styled plaintiff, complaining of the National Equitable Society of Belton, Tex., alleges that defendant is a corporation; "that E. C. Clabough is the president of said corporation or incorporated association, and that service of process can be had on him in the town of Belton, in the county of Bell, state of Texas;" and the prayer is "that the defendant be cited as the law directs." The residence of appellee was alleged to be in Hemphill county, and the suit was instituted in the district court of that county, and the domicile of appellant alleged to be in Bell county, Tex. The citation was directed to the sheriff, etc., of Bell county, commanding him to summons "National Equitable Society of Belton, Tex." The return thereon shows that appellant, National Equitable Society of Belton was served by the delivery of a copy of the citation, together with the accompanying certified copy of the petition, to E. C. Clabough, president.

In suits against a corporation, the citation may be served on the president. Article 1860, Vernon's Sayles' Civil Statutes. The petition in this case shows that it is a suit against appellant corporation, and prays that citation be issued as required by law. The allegation in the petition that service could be had upon its president, E. C. Clabough, was proper. While it was not necessary to so allege, it has been held to be proper to state in the petition upon whom service could be had. When the petition and citation so state, judgment can be taken by default without proof ·that the person named is the agent of the corporation. If not stated, there must be proof that the person served is the proper person. El Paso, etc., v. Kelly, 83 S. W. 855, 858, and authorities cited.

The above case was reversed by the Supreme Court on another ground, but expressly sustained in the holding as to the citation. 99 Tex. 87, 87 S. W. 660; Railway Co. v. Gage, 63 Tex. 568; Liverpool, etc., v. McCollum, 149 S. W. 775, 777.

[2] The second . assignment of error presents error on the part of the court on the ground that he should have sustained the motion to quash the citation for the reason that the citation failed altogether in stating the nature of plaintiff's demand against defendant. The appellant presents as propositions: First, that the law requires the statements in the citation to be sufficient to inform the defendant of the demand against him; and, second, when the nature of the demand is not sufficiently stated, the citation is not aided by the advice contained in it that for a more particular description see plaintiff's original petition accompanying this writ; the citation referring to the petition not constituting any part of the citation. The citation recites:

"The nature of the plaintiff's demand is as follows, to wit: Suit to recover against defendant the sum of $385, together with interest from August 25, 1913. For a more particular description of plaintiff's cause of action and relief prayed for, see certified copy of plaintiff's original petition accompanying this writ."

The citation further directed the sheriff to:

"Deliver to said defendant, National Equitable Society of Belton, each in person, a true copy of this citation, together with the accompanying certified copy of plaintiff's petition."

The statement of the demand is not at variance with the demand set out in the petition, and cannot be said, we think, to be a misstatement. It is not set out fully or the grounds upon which it is based given. In this it is distinguishable from the case of Carlton v. Mayner, 47 Tex. Civ. App. 47, 103 S. W. 411. In the case of Pruitt v. State, 92 Tex. 434, 49 S. W. 366, it was held by our Supreme Court that the failure to state the date of the filing of the plaintiff's petition in the citation was not cured by a certified copy of the petition on which the date of filing was copied. This holding was made on the ground that the file mark was no part of the petition, and the certified copy need not contain a copy of the file mark. Therefore it followed in that case that the court was not authorized to presume that the copy of the petition served contained a copy of the file mark. See, also, Wichita, etc., v. State, 57 Tex. Civ. App. 165, 122 S. W. 427. Where the defendant resides out of the county in which the suit is pending, a certified copy of plaintiff's petition shall accompany the citation (article 1853), and the officer serving the citation shall also deliver to the defendant in person a certified copy of the petition (article 1857), and his return must show the manner of the service, and must show that a true copy of the citation and that the certified copy of the petition was delivered to the defendant in person (Lauderdale v. Ennis, 80 Tex. 496, 16 S. W. 308). We find upon investigation of the authorities an apparent confusion in the decisions. It is said in the case of Delaware, etc., v. Farmers', etc., Bank, 33 Tex. Civ. App. 658, 77 S. W. 628:

"The citation in question makes no statement whatever of the nature of plaintiff's demand, but refers to 'the certified copy of the petition hereto attached.' The copy of the petition * * * is no part of the citation. Where the defendant, as in this case, lives out of the county, the statute requires a certified copy of the petition to accompany the citation, and it was to comply with this statute that the copy of the petition was attached to the citation. * * * This statute does not, and was not intended to, change the statutory requirements of a citation."

That court cites Pruitt v. State, 49 S. W. 366, as supporting the holding. The Court of Civil Appeals for the Fourth District, in Griffin v. State, 147 S. W. 328, citing the two cases last named, nevertheless holds that, where a citation is accompanied with the certified copy of the petition, even though the statement of the nature of the demand was defective in the citation, a reference to the petition for the demand was a substantial compliance with the statute. It said that the Supreme Court, in the Pruitt Case, held such a citation would not support a judgment by default, but the court, in passing on the case, held that such holding would be entire-

ly too technical where the citation refers to the accompanying petition, and the defendant had appeared and made his defense.

In the case of Old Alcalde Oil Co. v. Ludgate, 85 S. W. 453, judgment by default was taken upon the service of the citation, in which the court held:

"The statement of the demand in the citation of itself is not sufficient, but the certified copy of the petition attached thereto, which is shown to have been served on the defendant, supplied its want of fullness, and the failure to state it more fully in the writ could not have operated to the prejudice of the defendant."

In El Paso, etc., v. Hall, 156 S. W. 356, instead of the citation giving a brief statement of the nature of the demand in the place left blank for such a statement, the clerk attached a copy of the petition. This was held sufficient by the court.

In Wood v. Warren, 157 S. W. 301, it is held the copy of the petition accompanying the citation can be looked to for the purpose of supplying the date of the filing of the original petition required by statute to be stated in the citation.

In the Pruitt Case Judge Gaines, it will be observed, held that, as the file mark on a petition is the act of the clerk, and constitutes no part of the petition proper, the court was not therefore authorized to presume the date on the copy of the petition delivered to the defendant contained the date of the filing of the suit. It being a prerequisite made so by statute that, the citation giving the date of the filing of the suit, and its provisions being mandatory, unless there is substantial compliance with the statute, it will not support a judgment by default. The same learned judge, in the case of Graves v. Drane, 66 Tex. 658, 1 S. W. 905, held, even though the citation did not give all the names of the partners plaintiff in full, the petition which gave all their names could be looked to in aid of the citation. These two cases by Judge Gaines, when rightly understood, do not conflict. The law requires the petition to name the parties plaintiff and defendant, and hence it was held in the Graves Case that the court was authorized to presume, when the defendant was delivered a copy of the petition, he was notified by such service who the parties plaintiff were, and that the court was authorized to look to such petition, while in the Pruitt Case the file mark was not a part of the petition, and no such presumption should prevail. The statute is no more specific when requiring the citation to give "the date of filing" than it is in requiring "the name of all the parties."

Judge Roberts, in the case of Guimond v. Nast, 44 Tex. 114, held that, where the citation referred to the accompanying petition:

"We must presume that the accompanying copy of the petition corresponded with the petition on file, which did state more fully the names of the parties by which the defendant served was fully informed on that subject."

Kirk v. Murphy, 16 Tex. 654, 67 Am. Dec. 640, holds substantially the same. The evi-

dent purpose of the statute in requiring the defendant living out of the county to be served with a copy of the petition is to give him full notice of the cause of action and the grounds upon which it is based. When the statement in the citation is not sufficient to give its nature, yet, if the citation itself directs the defendant to the petition for the full nature of the statement of the cause of action in the accompanying petition, we cannot see any good reason why the purpose of the statute had not been fully complied with. It occurs to us that the extent of the holding by the Supreme Court is, where the citation omits some requirement, the petition may be referred to in supplying the omission or in aid of an insufficient citation where the law requires the petition to contain the matter so omitted or defectively stated in the citation; but where the omitted matter is not part of the petition, as required by law, then there is no presumption that the defendant was notified as required by law. This being our conclusion, we overrule appellant's assignments assailing the action of the court in overruling the motion to quash.

[3] The motion to quash the citation was filed August 25, 1914, and was overruled August 26, 1914. On the day the motion to quash was filed the defendant filed its answer in bar of plaintiff's alleged cause. Upon this answer the case was tried, and final judgment rendered in the case August 26, 1914. We believe under article 1882 the filing of the answer should be treated as constituting an appearance, thereby dispensing with the service of citation. The authorities on this question are not satisfactory, but we believe Judge Fisher states the correct rule in the case of M., K. & T. Ry. Co. v. Scoggin et al., 57 Tex. Civ. App. 349, 123 S. W. 229. Substantially the same ruling was made in the case of Griffin v. State, 147 S. W. 328, in which last case a writ of error was refused by the Supreme Court. King v. Oliphant, 137 S. W. 1167; Degetau v. Mayer, 145 S. W. 1054.

[4] On the merits of the case we think the facts found by the court were sufficient to justify the judgment. Had not the appellant, by letter, entered into the agreement set up by the appellee, it may be that he would have been required, under the terms of the subscription contract, to have made a formal application for a loan, and to have awaited such time as appellant would have been in funds sufficient to have made the loan; but, under the special terms of the contract as evidenced by appellant's letter to appellee, and as found by the court, it agreed to lend the appellee $3,500 within 90 days from the date of the subscription if appellee would pay $385. This he paid, and, upon applying for the loan, appellant notified him it did not have the money and could not let him have the loan as agreed upon. This was a breach of its contract to make the loan, and when this occurred we think appellee had the right to rescind the contract and demand the return of his money. When the appellant announced that it would not and could not comply with its contract, we do not think it was necessary to make out an abstract of title and tender the same to appellant, or to show that the board of directors examined and approved the real estate and the loan. When it renounced the contract and refused to comply therewith, appellee, to rescind, was not required to do and show all the other necessary prerequisites which may have been necessary if there had been no renunciation. The renunciation by appellant of the contract gave appellee the right to treat it as rescinded, and excused him from the necessity of performance on his part. Brown v. Binz, 50 S. W. 483; Cornelius v. Harris, 163 S. W. 346, 349, and authorities cited; Bost v. McCrea, 172 S. W. 561; 9 Cyc. 635. According to the contract alleged and proved, concurrent acts were to be done by the parties. The appellee was to pay $385, and to furnish real estate as security, together with abstracts of title, and the appellant was to loan to him thereon $3,500 in 90 days. In such case, if one party refused to do what he agreed to do, the other party need not do nor formally offer to do what he had engaged to do; readiness to do it being all that he needed to allege or prove. Cornelius v. Harris, supra, citing Cook v. Doggett, 2 Allen (Mass.) 439; Cundiff v. McLean, 40 Tex. on page 394.

We find no error in the judgment of the court, and it therefore will be affirmed.