### BASS v. BROWN. (No. 7178.)

(Court of Civil Appeals of Texas. San Antonio. June 4, 1924.)

1. **Process** ⊂⇒31—Variance between defendant's first initial and that in citation held immaterial and cured.

The variance between defendant's first initial and that contained in the citation required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1852, 2180, to comply with certain formal requisites, *held* immaterial and corrected by the style of the case on the back of citation.

2. **Judgment** ⊂⇒101(1)—Citation held not to set out correctly true nature of plaintiff's demand, and did not support judgment rendered.

Citation *held* not, as mandatorily required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1852, 2180, correctly to set out true nature of plaintiff's demand and did not support the default judgment based on the petition.

3. **Appeal and error** ⊂⇒1172(1)—Court of Civil Appeals could not cure defective citation by rendering judgment for part of demand of which defendant was notified.

In view of mandatory provisions of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1852, 2180, naming the things a citation shall state, Court of Civil Appeals did not have power to cure illegality of a citation by rendering a judgment for that part of plaintiff's demand of which defendant was by the citation notified.

4. **Judgment** ⊂⇒117—Description of land in petition should have been followed in default judgment.

The description, in the petition, of land with reference to the sale of which a commission was sought to be recovered, should have been followed in the default judgment.

Error from District Court, Tarrant County; Ben M. Terrell, Judge.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by H. L. Brown against T. H. Bass and Edward D. Nix, as to whom the cause was dismissed. A default judgment was rendered against defendant, and he brings error. Reversed and remanded.

Bailey Nickels & Bailey, of Dallas, for plaintiff in error.

Phillips, Brown & Morris, of Fort Worth, for defendant in error.

FLY, C. J. Defendant in error sued T. H. Bass and Edward D. Nix to recover $8,000, commission alleged to be due, and $15,000 to be paid out of oil produced on certain leased premises. The suit was filed on April 16, 1923, and on June 25, 1923, judgment by default was rendered against plaintiff in error for $8,000, and for the sum of $15,000 to be paid out of the oil produced upon and from "the northeast quarter of section 28, township 15 south, range 16 west, situated in Ouachita county, in the state of Arkansas." The cause was dismissed as to Edward D. Nix. The judgment recites that "the defendant T. H. Bass, though duly and legally cited came not, but wholly made default," and it was also recited that evidence was introduced in support of the claim alleged in the petition. On August 16, 1923, plaintiff in error filed his petition for writ of error, and citation in error was issued and duly served.

Through seven assignments of error the judgment by default is assailed, at least five of the assignments being based on defects in the citations. The first and second of these defects are that the plaintiff was described as G. L. Brown, instead of H. L. Brown, the true name. Included in the record are two partly printed and partly typewritten documents labeled on the backs, "Citation, to County Defendants," one of them ordering a summons of T. H. Bass, and the other of Edward D. Nix. The one addressed to plaintiff in error is styled on the back, "H. L. Brown v. T. H. Bass et al.," and is numbered 63399, on both inside and outside. On the inside of the writ directed to plaintiff in error the case is styled "G. L. Brown v. T. H. Bass. and Edward D. Nix."

[1] The statute requires that the citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside, requiring him to summon the defendant. It is required that the citation shall state the date of the filing of the petition, the file number of the suit, the names of all the parties, and the nature of the plaintiff's demand, and comply with certain formal requisites. Articles 1852 and 2180, Vernon's Sayles' Civ. Stats. The rule has been fixed by decisions that each one of the requirements of the statute must be strictly followed. The variance between the first initial of the plaintiff and that contained in the citation was, we think, immaterial, and was corrected by the style of the case on the back of the citation. The variance could not have misled plaintiff in error. Crutcher v. Williams (Tex. Civ. App.) 217 S. W. 1115.

[2] In the citation served upon the plaintiff in error the nature of the demand of defendant in error was thus stated:

"On March 10, 1923, defendants entered into a certain contract with plaintiff, whereby the defendants listed with plaintiff certain oil and gas leases in the state of Arkansas to sell for the defendants for commission at the rate of 10 per cent. That on March 12, 1923, plaintiff sold said lease for said defendants to one J. O. Galloway Oil Interests for the sum of $80,-000 in cash, whereby the defendants became indebted to plaintiff in the sum of $8,000, which sum the defendants have failed and refused to pay, or any part thereof."

This was not a statement of "the nature of plaintiff's demand." The petition does not state that the lease was sold for $80,000 in cash, but for the sum of $230,000, $80,000 in cash and $150,000 to be paid in oil to be produced from said land. The citation notified plaintiff in error that he was sued for only $8,000, while in truth he was sued for $23,000. He was not informed that the petition claimed that "the defendants became indebted to the plaintiff in the sum of eight thousand ($8,000.00) dollars, being ten (10%) per cent. on the cash consideration, and in the further sum of one hundred and fifty thousand ($150,000.00) dollars to be produced in oil upon said premises." The statement in the citation did not support a judgment for $23,000, which was based on the allegations of the petition. The statute is mandatory and the citation did not substantially comply with the demands of the statute. Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060; Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Carlton v. Mayner, 47 Tex. Civ. App. 47, 103 S. W. 411.

[3] It is admitted by defendant in error that the citation did not correctly set out the true nature of defendant in error's demand; but he claims that, as it was correct as to a part of the demand, this court should reform the judgment so as to make it conform to the citation. This cannot be legally done. Plaintiff in error had the right under the law to be informed as to the true nature of the whole demand, and not a part of it, and this court cannot cure the illegality of the citation by rendering a judgment for that part of the demand of which plaintiff in error was notified. The failure to comply with the law as to the requirements of the statute as to citations made it impossible to render a legal judgment by default against plaintiff in error.

[4] The description of the land in the petition, on which the lease was held, should have been followed in the judgment.

The judgment is reversed, and the cause remanded.